IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT D'AMICO, SR.,

Plaintiff,

vs.

GUIDANT SALES CORPORATION,
CHARLES H. KOO, M.D. and
RHODE ISLAND CARDIOLOGY
CENTER, LLC.

Defendants.

Case No.: CA 07 301 S

/

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Guidant Sales Corporation ("GSC"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal ("Notice") of this action from the Superior Court for Providence, Rhode Island, to the United States District Court for the District of Rhode Island. The grounds for removal are as follows:

## INTRODUCTION

1. On July 10, 2007, plaintiffs brought this action against Defendants GSC, Charles H. Koo, M.D. ("Dr. Koo"), and Rhode Island Cardiology Center, LLC ("RICC").

2. Plaintiff alleges serious injuries as the result of the implantation of a cardiac medical device allegedly manufactured and/or sold by GSC, and implanted by Dr. Koo and RICC. *See generally* Complaint (attached as Exhibit 1).

3. Plaintiff alleges that GSC manufactured, designed, and sold Plaintiff's cardiac medical device. *See generally* Complaint.

4. Plaintiff alleges that Dr. Koo and RICC (collectively "Healthcare Defendants") were medical providers that implanted Plaintiff's cardiac medical device against his will. *Id.*



98350v1

5. The Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), in that, excluding the fraudulently and/or misjoined defendants, it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The presence of in-state and non-diverse defendants is not a bar to removal because they have been improperly joined in this case to defeat diversity.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers or exhibits served upon or otherwise provided to Defendants are attached as Exhibit 2.

## DIVERSITY OF CITIZENSHIP EXISTS

7. Plaintiff Robert D'Amico is now and was at the commencement of this action a citizen of the State of Rhode Island.

8. GSC is now and was at the commencement of this action an Indiana corporation with its principal place of business in Minnesota. Thus, GSC is a citizen of both Indiana and Minnesota.

9. Defendants Charles Koo, M.D., and RICC are now and were at the commencement of this action citizens of the State of Rhode Island. As set forth below, however, their citizenship should be disregarded for purposes of determining whether diversity jurisdiction exists or whether 28 U.S.C. § 1441(b) applies.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Where, as here, the jurisdictional amount is not specifically alleged, it can nevertheless be determined when it is "facially apparent" from the complaint itself. *See Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004) quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that district court may consider whether jurisdictional amount is "facially apparent" from the complaint); *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65 (D. R.I. 2002) (considering the nature of the allegations of the

complaint to determine the amount in controversy). A court may also consider the removal notice and post-removal evidence concerning the amount in controversy. *See Evans,* 326 F. Supp. 2d at 220.

11. In this case, it is "facially apparent" that the amount in controversy exceeds $75,000. Indeed, Plaintiff alleges that he suffered "significant and permanent damages including, but not limited to physical and mental pain and suffering, medical costs and lost wages." *See* Complaint ¶ 23. He also alleges that as a result of GSC's actions and/or inactions he had to have his device surgically explanted. *See generally Id.*

12. These alleged injuries are at least as serious as others that have been found to satisfy the amount in controversy. *See Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000) (alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (alleged damages to property, travel expenses, emergency ambulance trip, six-day hospitalization, pain and suffering, humiliation, and an inability to do housework met jurisdictional amount); *In re Fen-Phen Cases*, Nos. 8:01-CV-1587-T-30-MAP et al., slip op. at 5 (M.D. Fla. Dec. 4, 2001) (similar allegations against pharmaceutical manufacturer met jurisdictional amount) (Ex. 3). *See Haran v. Medtronic, Inc.*, No. 97-C-6459, 1998 WL 575278, at *3 (N.D. Ill., Sept. 3, 1998).[1]

13. Additionally, there are over 2000 cases that have been filed in or removed to federal court against GSC and its related entities nationwide in which plaintiffs, like the

[1] In *Haran*, the plaintiff's complaint alleged damages including physical and emotional harm and economic loss as a result of the implantation of an allegedly defective pacemaker. *See id.* The court found to a reasonable probability that the "gravity of these alleged injuries support an inference that the amount in controversy here is greater than $75,000." *Id.* at *3.

Plaintiffs identified in this lawsuit, allege that they are seeking compensatory damages for various personal injuries allegedly caused by an implantable cardiac medical device. More than 1900 of these cases have been consolidated in *In re: Guidant Corp. Implantable Defibrillators*, MDL No. 05-1708, which is pending in the United States District Court for the District of Minnesota. Defendants' good-faith belief and estimate, based on the experience of their counsel in similar matters, is that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *See Rubel v. Pfizer Inc.*, 361 F. 3d 1016, 1020 (7th Cir. 2004); *Fields*, 2006 U.S. Dist. LEXIS 47948 at *3-6.

## REMOVAL IS OTHERWISE PROPER

14. Plaintiff commenced this action on July 10, 2007. Plaintiff served GSC on July 12, 2007, and served RICC on July 18, 2007. Dr. Koo has not been served. Thus, this removal is timely pursuant to 28 U.S.C. 1446(b).

15. Venue exists in the District of Rhode Island because the Superior Court for Providence, Rhode Island is within this District.

16. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Superior Court of Providence, Rhode Island, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as Exhibit 4.

17. As stated above and set forth more fully below, Dr. Koo and RICC are fraudulently and/or improperly joined. Thus, their consent to this removal is unnecessary. *Polyplastics, Inv. v. Transconex, Inc.*, 713 F. 2d 875, 877 (1st Cir. 1983); *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 117 (D. Mass. 2006). Nonetheless, Dr. Koo and RICC consent to this removal.

## THE HEALTHCARE DEFENDANTS ARE IMPROPERLY JOINED TOGETHER IN THIS ACTION

18. Plaintiff in this case has improperly joined the medical negligence claims asserted against Dr. Koo and RICC with the product liability claims asserted against GSC.

19. Rule 20(a), Fed. R. Civ. P., limits permissive joinder of parties to "claims arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."[2]

20. Here, Plaintiff's medical-negligence claims against the Healthcare Defendants do not arise out of the same transaction or occurrence or series of transactions or occurrences as the product liability claims against GSC. The claims are factually and legally distinct.

21. In fact, in his Complaint Plaintiff separates his claims against GSC from his claims against the Healthcare Defendants. Plaintiff states only medical malpractice claims against Dr. Koo and RICC (Count 3). The remaining claims – negligence and breach of warranty – are asserted against only GSC (Counts 1 and 2).

22. The crux of Plaintiff's claims against Dr. Koo and RICC arise from the alleged breach of the duty of care that Dr. Koo owed to Plaintiff in treating him as a patient. In contrast, Plaintiff's claims against GSC involve the design, testing, manufacturing, and sale of Plaintiff's cardiac medical device.

23. Moreover, the evidence in support of these distinct claims will necessarily be different. On the one hand, Plaintiff will need to establish that GSC manufactured, designed and/or sold a defective cardiac medical device. On the other hand, Plaintiff will need to establish that he told the Healthcare Defendants that he did not want a Guidant device implanted in him, but that they did it anyway. In fact, it appears that the claims will not require <u>any</u> of the same

---

[2] Rhode Island Rule of Civil Procedure 20(a) is identical to Federal Rule 20(a).

proof. *See, e.g., Greene v. Wyeth,* 344 F. Supp. 2d 674, 683 (D. Nev. 2004) (severing medical negligence claims against non-diverse doctor who prescribed diet medications from the product liability claims against the manufacturer because the claims were improperly joined).

24. Plaintiff's claims arising out of the healthcare provider's care and treatment of the plaintiff do not arise out of the same "transaction or occurrence" as his claims against GSC. Thus, those claims should be severed. *See, e.g., In re Rezulin,* 168 F. Supp. 2d 136, 144-148 (S.D.N.Y. 2001) (finding that claim against home healthcare provider was misjoined with claims against drug manufacturer); *Lee v. Mann,* 2000 WL 724046, No. LE-424-1 (Va. Cir. Ct. Apr. 5, 2000) (upholding finding of misjoinder of claims against physician and pharmaceutical manufacturer for injuries allegedly received from the use of a diet medication).

25. Courts may sever improperly joined parties when their claims do not arise out of the same transaction or occurrence, or the claims will not involve questions of law or fact common to all parties. Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court…at any stage of the action and on such terms that are just."[3]

26. Indeed, in this very litigation, the MDL Court, under similar circumstances, recently severed medical negligence claims against a healthcare provider from the product liability claims against Guidant in order to retain jurisdiction of the plaintiff's claims against Guidant. *Alexander v. Guidant Corp.,* Case No. 05-1708, (D. Minn. June 4, 2007) (attached hereto as Exhibit 5). Specifically, in *Alexander*, the MDL Court found: "[t]he joinder of the malpractice claim against [the healthcare provider] with the other product liability claims was inappropriate because the claims do not both involve common questions of law or fact and assert joint, several or alternative liability arising out of the same transaction, occurrence, or series of

[3] Rhode Island Rule of Civil Procedure 21 is identical to its federal counterpart.

transactions or occurrences. Any liability that may be found against either [Guidant or the healthcare facility] would not be a basis for liability as to the other." *Id.* at 12.

27. In a similar case pending against Guidant, the United States District Court for the Southern District of Texas also found that joinder of non-diverse medical negligence defendants was improper. *Hardin v. Guidant Corp., et al.,* Case No. G-05-430 (S.D. Tex. February 1, 2006) (attached hereto as Exhibit 7). In that case, plaintiff filed in the same complaint causes of action against healthcare providers alleging medical negligence and causes of action against Guidant alleging product liability. *Id.* The Court found that the joinder of the medical negligence claims against the non-diverse healthcare providers was improper. *Id.* The court ordered that the medical negligence claims be severed and remanded, and it retained jurisdiction over the product liability claims against Guidant. *Id.*

28. The principals stated in the cases cited above are equally, if not more, applicable here where Plaintiff asserts that Guidant is liable for allegedly manufacturing, designing, and selling a defective product, and in the same complaint asserts that the healthcare defendants are liable for implanting a particular medical device against the plaintiff's will. These two claims will require different evidence and do not arise out of the same occurrence, transaction or series of occurrences or transactions.

29. GSC, therefore, respectfully requests that this Court sever the medical negligence claims against the Healthcare Defendants from the product liability claims against Guidant.

30. GSC also respectfully requests that this Court retain jurisdiction over the claims against Guidant and sever the claims against Dr. Koo and RICC because they are improperly joined.

Respectfully submitted,

Brooks R. Magratten, Esq., #3583
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: August 10, 2007