2007 JUL 12 P 12: 05
HENRY S. KINCH JR., CLERK
FILED
SUPERIOR COURT

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ROBERT D'AMICO, SR.,
Plaintiff,

vs.

C.A. No.: PC07-3539

GUIDANT SALES CORPORATION,
CHARLES H. KOO, M.D., and
RHODE ISLAND CARDIOLOGY CENTER, LLC,
Defendants.

# COMPLAINT

## *Parties and Jurisdiction*

1. Plaintiff, ROBERT D'AMICO, SR. (hereinafter "Plaintiff") is a resident of the City of Cranston, Providence County, Rhode Island;

2. Defendant, GUIDANT SALES CORPORATION (hereinafter "Guidant") is an Indiana corporation duly licensed to conduct business within the State of Rhode Island, with a principal place of business of 4100 Hamline Ave., North, MS 7-293, St. Paul, Minnesota;

3. Guidant manufactures and sells medical devices including implanted pace makers.

4. Guidant manufactured a pacemaker known as the Guidant Insignia I Ultra pacemaker, model #: 1291, serial #: 119210.

5. This pacemaker along with other models were subject to a recall.

6. Defendant CHARLES KOO, M.D. (hereinafter "Koo"), upon information and belief, is a Rhode Island resident and a physician licensed to practice medicine in the state of Rhode Island;

7. Defendant RHODE ISLAND CARDIOLOGY CENTER, LLC (hereinafter "RICC"), is a Rhode Island limited liability company duly created and existing under the laws of the State of Rhode Island, with a principal place of business located at 2 Dudley Street, Suite 360, Providence, Rhode Island;

8. The amount in controversy is sufficient to establish the jurisdiction of this Honorable Court;

## *Factual Allegations*

9. At all times material hereto, Defendant Koo acted as Plaintiff's primary cardiac surgeon;

10. At all times material hereto, Defendant Koo was an employee and/or agent of Defendant RICC;

11. On or about September of 2002, Plaintiff underwent a surgical implantation of St. Jude branded pacemaker;

12. On or about February 10, 2006, during an examination conducted by Defendant Koo, Plaintiff was informed that the battery in his pacemaker was depleted and the pacemaker unit would have to be replaced. Plaintiff was scheduled for surgery on April 20, 2006;

13. Prior to April 20, 2006, Plaintiff specifically informed Defendant Koo that he did not wish to receive a pacemaker produced and/or manufactured by Defendant Guidant, due to the company's reputation and product recall history;

14. In direct contradiction of Plaintiffs wishes, on or about April 20, 2006, Plaintiff underwent the surgical implantation of a Guidant Insignia I Ultra pacemaker, model #: 1291, serial #:119210. The surgery was performed by Defendant Koo;

15. The implantation of the Guidant pacemaker was against Plaintiff's wishes and without his express consent and authorization;

16. On or about June of 2006, Plaintiff learned of a manufacturer's product recall covering the Guidant Insignia I Ultra pacemaker, model #: 1291, serial #: 119210;

17. On or about July 18, 2006, Plaintiff met with Defendant Koo and demanded that the Guidant device be removed and replaced with a pacemaker from a different manufacturer;

18. On or about July 19, 2006, Plaintiff once again underwent the surgical replacement of his pacemaker. This surgery was again performed by Defendant Koo.

## *Count 1*
## *Negligence - Guidant*

19. Defendant Guidant was at all times material hereto the manufacturer of the Insignia I Ultra pacemaker which was implanted into Plaintiff;

20. Defendant Guidant has a duty to manufacture a product that is safe and not dangerous or defective;

21. Due to defects and/or flaws in the design and/or manufacture of the Insignia I Ultra pacemaker, Plaintiff's pacemaker was recalled and was subsequently removed from Plaintiff's body;

22. Such flaws rendered the Guidant pacemaker, as designed and manufactured, to be defective and dangerous for use as intended, thus breaching Defendant Guidant's duty to Plaintiff;

23. As a direct and proximate result of Defendant Guidant's design, manufacture, distribution, and sale of a product that was defective and unreasonably dangerous, Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

## *Count 2*
### *Breach of Implied Warranty of Merchantability – Guidant*

24. The allegations contained in paragraphs 1 through 23 are incorporated by reference as if set forth in full;

25. Defendant Guidant impliedly warranted that the pacemaker was of merchantable quality;

26. Defendant Guidant breached its implied warranty of merchantability in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a pacemaker that was in a defective condition and unreasonably dangerous to consumers, including Plaintiff herein;

b. failing to adequately warn Plaintiff of the defects in the pacemaker when Guidant knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the pacemaker in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the pacemaker and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the pacemaker;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the pacemaker;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the pacemaker in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the pacemaker;

27. As a direct and proximate result of Defendant Guidant's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

***Count 3***
***Malpractice – Koo***

28. The allegations contained in paragraphs 1 through 27 are incorporated by reference as if set forth in full;

29. Defendant had a standard of care to Plaintiff as other physicians would have in the same or similar circumstances;

30. That duty included, but was not limited to, obtaining Plaintiff's informed consent for the procedure which implanted the pacemaker into Plaintiff, and specifically following Plaintiff's wish to not have a Guidant pacemaker implanted;

31. Defendant breached the standard of care owed to the Plaintiff and otherwise negligently treated Plaintiff by implanting the Guidant pacemaker in Plaintiff's body, against Plaintiff's express instructions to the contrary;

32. At all times material hereto, Defendant Koo was employed by and/or acting on behalf of Defendant RICC;

33. Defendant RICC is liable for the negligent actions of its employees and/or agents, to wit: Defendant Koo;

34. As a direct and proximate cause of Defendants breach the Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

Plaintiff,
By and Through His Attorneys:

**D'AMICO • BURCHFIELD, LLP**

Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
Tel: 401.454.1212
Fax: 401.490.4814

*The Plaintiff hereby demand a trial by jury.*