CORPORATION SERVICE COMPANY®

SLM / ALL
**Transmittal Number: 5236715**
**Date Processed: 07/12/2007**

# Notice of Service of Process

**Primary Contact:** Jeffery Kruse
Boston Scientific/Guidant
4100 Hamline Avenue North
St. Paul, MN 55112

**Copy of transmittal only provided to:** Brenda McKee
Diane Barker
Julie Somora
Kelly Phillips
Mildred Helgeson

| | |
|---|---|
| **Entity:** | Guidant Sales Corporation<br>Entity ID Number 2488017 |
| **Entity Served:** | Guidant Sales Corporation |
| **Title of Action:** | Robert D'Amico, Sr. vs. Guidant Sales Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court:** | Providence County Superior Court, Rhode Island |
| **Case Number:** | none |
| **Jurisdiction Served:** | Rhode Island |
| **Date Served on CSC:** | 07/12/2007 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Mark W. Dana<br>401-454-1212 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

STATE OF RHODE ISLAND
SUPERIOR COURT

CIVIL
CASE COVER SHEET

Case * (Filled in by Clerk's Office) PC07-3539

his form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a strict Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the perior Court.

| LAINTIFFS: | DEFENDANTS: |
|---|---|
| Robert D'Amico, Sr. | GUIDANT SALES CORPORATION,<br>CHARLES H. KOO, M.D. and<br>RI CARDIOLOGY, LLC. |

ATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**strict Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| CRJ Civil Rights Job Discrimination | ☒ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| DEJ Declaratory judgment | ☐ PDM Property damage | ☐ TRA Trustee/accounting |
| DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| Other than above (specify type): | ☐ PRL Product liabilty | ☐ WRD Wrongful death |

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| CFC Confirm compromise | ☐ LCN Level of community notification | ☐ R5A Rule 5A petition |
| CND Condemnation | ☐ MAW Material witness | ☐ REC Receivership |
| CNT Contempt | ☐ MEL Mechanics lien | ☐ RTA Arbitration referral |
| DOC Dissolution of corp. | ☐ OSW Out of state witness | ☐ SVP Sexually violent predator petition |
| DOT Trustee / declination of | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| DSC Disclaimer | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| Other than above (specify type): | ☐ PFI Petition for immunity | ☐ VAR Arbitration / vacate |

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

Other than above (specify type):

this a case that may require a trial for resolution? ☐ Yes ☐ No If yes: ☐ Jury or ☐ Non-jury

ttorney name and Registration #. MARK W. DANA, ESQ. #4150 today (Date)

Pro se/Name ____________________

FILED SUPERIOR COURT HENRY S. KINCH JR. CLERK 2007 JUL 12 P 12:05

C-223 (Rev. 11/00)

2007 JUL 12 P 12: 05
HENRY S. KINCH JR., CLERK
FILED
SUPERIOR COURT

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ROBERT D'AMICO, SR.,
Plaintiff,

vs.

C.A. No.: PC07-3539

GUIDANT SALES CORPORATION,
CHARLES H. KOO, M.D., and
RHODE ISLAND CARDIOLOGY CENTER, LLC,
Defendants.

# COMPLAINT

## *Parties and Jurisdiction*

1. Plaintiff, ROBERT D'AMICO, SR. (hereinafter "Plaintiff") is a resident of the City of Cranston, Providence County, Rhode Island;

2. Defendant, GUIDANT SALES CORPORATION (hereinafter "Guidant") is an Indiana corporation duly licensed to conduct business within the State of Rhode Island, with a principal place of business of 4100 Hamline Ave., North, MS 7-293, St. Paul, Minnesota;

3. Guidant manufactures and sells medical devices including implanted pace makers.

4. Guidant manufactured a pacemaker known as the Guidant Insignia I Ultra pacemaker, model #: 1291, serial #: 119210.

5. This pacemaker along with other models were subject to a recall.

6. Defendant CHARLES KOO, M.D. (hereinafter "Koo"), upon information and belief, is a Rhode Island resident and a physician licensed to practice medicine in the state of Rhode Island;

7. Defendant RHODE ISLAND CARDIOLOGY CENTER, LLC (hereinafter "RICC"), is a Rhode Island limited liability company duly created and existing under the laws of the State of Rhode Island, with a principal place of business located at 2 Dudley Street, Suite 360, Providence, Rhode Island;

8. The amount in controversy is sufficient to establish the jurisdiction of this Honorable Court;

## *Factual Allegations*

9. At all times material hereto, Defendant Koo acted as Plaintiff's primary cardiac surgeon;

10. At all times material hereto, Defendant Koo was an employee and/or agent of Defendant RICC;

11. On or about September of 2002, Plaintiff underwent a surgical implantation of St. Jude branded pacemaker;

12. On or about February 10, 2006, during an examination conducted by Defendant Koo, Plaintiff was informed that the battery in his pacemaker was depleted and the pacemaker unit would have to be replaced. Plaintiff was scheduled for surgery on April 20, 2006;

13. Prior to April 20, 2006, Plaintiff specifically informed Defendant Koo that he did not wish to receive a pacemaker produced and/or manufactured by Defendant Guidant, due to the company's reputation and product recall history;

14. In direct contradiction of Plaintiffs wishes, on or about April 20, 2006, Plaintiff underwent the surgical implantation of a Guidant Insignia I Ultra pacemaker, model #: 1291, serial #:119210. The surgery was performed by Defendant Koo;

15. The implantation of the Guidant pacemaker was against Plaintiff's wishes and without his express consent and authorization;

16. On or about June of 2006, Plaintiff learned of a manufacturer's product recall covering the Guidant Insignia I Ultra pacemaker, model #: 1291, serial #: 119210;

17. On or about July 18, 2006, Plaintiff met with Defendant Koo and demanded that the Guidant device be removed and replaced with a pacemaker from a different manufacturer;

18. On or about July 19, 2006, Plaintiff once again underwent the surgical replacement of his pacemaker. This surgery was again performed by Defendant Koo.

## *Count 1*
## *Negligence - Guidant*

19. Defendant Guidant was at all times material hereto the manufacturer of the Insignia I Ultra pacemaker which was implanted into Plaintiff;

20. Defendant Guidant has a duty to manufacture a product that is safe and not dangerous or defective;

21. Due to defects and/or flaws in the design and/or manufacture of the Insignia I Ultra pacemaker, Plaintiff's pacemaker was recalled and was subsequently removed from Plaintiff's body;

22. Such flaws rendered the Guidant pacemaker, as designed and manufactured, to be defective and dangerous for use as intended, thus breaching Defendant Guidant's duty to Plaintiff;

23. As a direct and proximate result of Defendant Guidant's design, manufacture, distribution, and sale of a product that was defective and unreasonably dangerous, Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

***Count 2***

***Breach of Implied Warranty of Merchantability – Guidant***

24. The allegations contained in paragraphs 1 through 23 are incorporated by reference as if set forth in full;

25. Defendant Guidant impliedly warranted that the pacemaker was of merchantable quality;

26. Defendant Guidant breached its implied warranty of merchantability in:

a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a pacemaker that was in a defective condition and unreasonably dangerous to consumers, including Plaintiff herein;

b. failing to adequately warn Plaintiff of the defects in the pacemaker when Guidant knew or should have known of the defects and that they constituted a danger;

c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the pacemaker in a defective and unreasonably dangerous condition;

d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the pacemaker and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the pacemaker;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the pacemaker;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the pacemaker in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the pacemaker;

27. As a direct and proximate result of Defendant Guidant's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

***Count 3***
***Malpractice – Koo***

28. The allegations contained in paragraphs 1 through 27 are incorporated by reference as if set forth in full;

29. Defendant had a standard of care to Plaintiff as other physicians would have in the same or similar circumstances;

30. That duty included, but was not limited to, obtaining Plaintiff's informed consent for the procedure which implanted the pacemaker into Plaintiff, and specifically following Plaintiff's wish to not have a Guidant pacemaker implanted;

31. Defendant breached the standard of care owed to the Plaintiff and otherwise negligently treated Plaintiff by implanting the Guidant pacemaker in Plaintiff's body, against Plaintiff's express instructions to the contrary;

32. At all times material hereto, Defendant Koo was employed by and/or acting on behalf of Defendant RICC;

33. Defendant RICC is liable for the negligent actions of its employees and/or agents, to wit: Defendant Koo;

34. As a direct and proximate cause of Defendants breach the Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

Plaintiff,
By and Through His Attorneys:

**D'AMICO • BURCHFIELD, LLP**

Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
Tel: 401.454.1212
Fax: 401.490.4814

*The Plaintiff hereby demand a trial by jury.*

%

RECEIPT

hode Island Justice System

Receipt Number: SCP252327
Date: 12-JUL-2007
Cashier: CIV

ayor: DB-DAMICO
ddress:

| escription | Amount |
|---|---|
| ase: PC-2007-3529 | |
| ROBERT DAMICO SR V GUIDANT SA | |
| NITIAL FILING FE | 150.00 |
| I LEGAL SERVICES | 10.00 |
| Present Balance: | 160.00 |
| Amount Paid: | 160.00 |
| New Balance Due: | 0.00 |

| | |
|---|---|
| ender Type: CHECK82529/ | 160.00 |
| Amount Tendered: | 160.00 |
| Amount Paid: | 160.00 |
| Change: | 0.00 |

JUDICIARY RHODE ISLAND
JUDICIARY RHODE ISLAND
JUDICIARY RHODE ISLAND

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

XXX ***Providence County***
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

___ ***Kent County***
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ ***Newport County***
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ ***Washington County***
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. ..........................

ROBERT D'AMICO, SR.
**Plaintiff**

GUIDANT SALES CORPORATION,
CHARLES H. KOO, M.D. AND
RI CARDIOLOGY CENTER, LLC
**Defendant**

***Summons*** TO BE SERVED UPON:

Corporation Service Co.
agent for service for
Guidant Sales Corporation
222 Jefferson Boulevard, Suite200
Warwick, RI 02888

*To the above-named Defendant:* Guidant Sales Corp.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Mark W. Dana, Esq. Plaintiff's attorney, whose address is D'AMICO - BURCHFIELD, LLP 536 Atwells Avenue, Providence, RI 02909 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

A true copy attest CLERK

#6070

Dated: 7/10/07

Date 7/17/07

(Seal of the Superior Court)

S- 135 (REV. 02/07)

# State of Rhode Island and Providence Plantations

..........................................,SC

## PROOF OF SERVICE

I hereby certify that on the .................................. day of .............................................. I served a copy of this summons and a copy of the complaint received therewith upon ..........................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,..........................................................................................................................., with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ......................................................................................................................... with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..............................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:
.......................................................................................................................................
.......................................................................................................................................
.......................................................................................................................................

Sheriff's Fees
Travel ......................... $..........................
Service ......................... $..........................
$..........................

.......................................................... Deputy Sheriff

CIVIL ACTION

FILE NO. ..............................

SUMMONS

SUPERIOR COURT

VS

ATTORNEY FOR PLAINTIFF

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ROBERT D'AMICO, SR.,
Plaintiff,

vs.

GUIDANT SALES CORPORATION,
CHARLES H. KOO, M.D., and
RHODE ISLAND CARDIOLOGY CENTER, LLC,
Defendants.

C.A. No.:

**COMPLAINT**

***Parties and Jurisdiction***

1. Plaintiff, ROBERT D'AMICO, SR. (hereinafter "Plaintiff") is a resident of the City of Cranston, Providence County, Rhode Island;

2. Defendant, GUIDANT SALES CORPORATION (hereinafter "Guidant") is an Indiana corporation duly licensed to conduct business within the State of Rhode Island, with a principal place of business of 4100 Hamline Ave., North, MS 7-293, St. Paul, Minnesota;

3. Guidant manufactures and sells medical devices including implanted pace makers.

4. Guidant manufactured a pacemaker known as the Guidant Insignia I Ultra pacemaker, model #: 1291, serial #: 119210.

5. This pacemaker along with other models were subject to a recall.

6. Defendant CHARLES KOO, M.D. (hereinafter "Koo"), upon information and belief, is a Rhode Island resident and a physician licensed to practice medicine in the state of Rhode Island;

7. Defendant RHODE ISLAND CARDIOLOGY CENTER, LLC (hereinafter "RICC"), is a Rhode Island limited liability company duly created and existing under the laws of the State of Rhode Island, with a principal place of business located at 2 Dudley Street, Suite 360, Providence, Rhode Island;

8. The amount in controversy is sufficient to establish the jurisdiction of this Honorable Court;

***Factual Allegations***

9. At all times material hereto, Defendant Koo acted as Plaintiff's primary cardiac surgeon;

10. At all times material hereto, Defendant Koo was an employee and/or agent of Defendant RICC;

11. On or about September of 2002, Plaintiff underwent a surgical implantation of St. Jude branded pacemaker;

12. On or about February 10, 2006, during an examination conducted by Defendant Koo, Plaintiff was informed that the battery in his pacemaker was depleted and the pacemaker unit would have to be replaced. Plaintiff was scheduled for surgery on April 20, 2006;

13. Prior to April 20, 2006, Plaintiff specifically informed Defendant Koo that he did not wish to receive a pacemaker produced and/or manufactured by Defendant Guidant, due to the company's reputation and product recall history;

14. In direct contradiction of Plaintiffs wishes, on or about April 20, 2006, Plaintiff underwent the surgical implantation of a Guidant Insignia I Ultra pacemaker, model #: 1291, serial #:119210. The surgery was performed by Defendant Koo;

15. The implantation of the Guidant pacemaker was against Plaintiff's wishes and without his express consent and authorization;

16. On or about June of 2006, Plaintiff learned of a manufacturer's product recall covering the Guidant Insignia I Ultra pacemaker, model #: 1291, serial #: 119210;

17. On or about July 18, 2006, Plaintiff met with Defendant Koo and demanded that the Guidant device be removed and replaced with a pacemaker from a different manufacturer;

18. On or about July 19, 2006, Plaintiff once again underwent the surgical replacement of his pacemaker. This surgery was again performed by Defendant Koo.

***Count I***
***Negligence - Guidant***

19. Defendant Guidant was at all times material hereto the manufacturer of the Insignia I Ultra pacemaker which was implanted into Plaintiff;

20. Defendant Guidant has a duty to manufacture a product that is safe and not dangerous or defective;

21. Due to defects and/or flaws in the design and/or manufacture of the Insignia I Ultra pacemaker, Plaintiff's pacemaker was recalled and was subsequently removed from Plaintiff's body;

22. Such flaws rendered the Guidant pacemaker, as designed and manufactured, to be defective and dangerous for use as intended, thus breaching Defendant Guidant's duty to Plaintiff;

23. As a direct and proximate result of Defendant Guidant's design, manufacture, distribution, and sale of a product that was defective and unreasonably dangerous, Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

## ***Count 2***
### ***Breach of Implied Warranty of Merchantability – Guidant***

24. The allegations contained in paragraphs 1 through 23 are incorporated by reference as if set forth in full;

25. Defendant Guidant impliedly warranted that the pacemaker was of merchantable quality;

26. Defendant Guidant breached its implied warranty of merchantability in:

    a. designing, manufacturing, selling and/or otherwise placing into the stream of commerce a pacemaker that was in a defective condition and unreasonably dangerous to consumers, including Plaintiff herein;

    b. failing to adequately warn Plaintiff of the defects in the pacemaker when Guidant knew or should have known of the defects and that they constituted a danger;

    c. carelessly, recklessly and negligently designing, manufacturing, distributing and selling the pacemaker in a defective and unreasonably dangerous condition;

    d. carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the pacemaker and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

e. carelessly, recklessly and negligently failing to discover defects in the pacemaker;

f. carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the pacemaker;

g. carelessly, recklessly and negligently failing to properly and adequately design and manufacture the pacemaker in order to provide a safe product;

h. carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the pacemaker;

27. As a direct and proximate result of Defendant Guidant's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

***<u>Count 3</u>***
***Malpractice – Koo***

28. The allegations contained in paragraphs 1 through 27 are incorporated by reference as if set forth in full;

29. Defendant had a standard of care to Plaintiff as other physicians would have in the same or similar circumstances;

30. That duty included, but was not limited to, obtaining Plaintiff's informed consent for the procedure which implanted the pacemaker into Plaintiff, and specifically following Plaintiff's wish to <u>not</u> have a Guidant pacemaker implanted;

31. Defendant breached the standard of care owed to the Plaintiff and otherwise negligently treated Plaintiff by implanting the Guidant pacemaker in Plaintiff's body, against Plaintiff's express instructions to the contrary;

32. At all times material hereto, Defendant Koo was employed by and/or acting on behalf of Defendant RICC;

33. Defendant RICC is liable for the negligent actions of its employees and/or agents, to wit: Defendant Koo;

34. As a direct and proximate cause of Defendants breach the Plaintiff has suffered significant and permanent damages including but not limited to physical and mental pain and suffering, medical costs and lost wages.

WHEREFORE, the Plaintiff, ROBERT D'AMICO, SR., demands judgment in his favor against Defendants, jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of this Honorable Court, plus interest, costs and such other and further relief as this Court may deem right and just.

Plaintiff,
By and Through His Attorneys:

**D'AMICO • BURCHFIELD, LLP**

Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
Tel: 401.454.1212
Fax: 401.490.4814

*The Plaintiff hereby demand a trial by jury.*