# UNITED STATES DISTRICT COURT

**MIDDLE DISTRICT OF FLORIDA, Tampa Division**

01 DEC -4 PM 3:20

FLORIDA
TAMPA, FLORIDA

**IN RE: FEN-PHEN CASES**

**CASE NUMBERS:**

8:01-CV-1587-T-30-MAP
8:01-CV-1589-T-30-MAP
8:01-CV-1591-T-30-MSS
8:01-CV-1592-T-30-TBM
8:01-CV-1593-T-30-TGW
8:01-CV-1594-T-30-EAJ
8:01-CV-1595-T-30-EAJ
8:01-CV-1597-T-30-MAP
8:01-CV-1598-T-30-EAJ
8:01-CV-1599-T-30-TBM
8:01-CV-1603-T-30-MAP
8:01-CV-1604-T-30-TGW
8:01-CV-1605-T-30-MAP
8:01-CV-1606-T-30-EAJ
8:01-CV-1607-T-30-MAP
8:01-CV-1608-T-30-MSS
8:01-CV-1610-T-30-TBM
8:01-CV-1611-T-30-TBM
8:01-CV-1612-T-30-EAJ
8:01-CV-1613-T-30-MSS
8:01-CV-1614-T-30-TGW
8:01-CV-1615-T-30-TBM
8:01-CV-1616-T-30-MAP
8:01-CV-1618-T-30-TBM
8:01-CV-1619-T-30-TBM
8:01-CV-1620-T-30-TBM
8:01-CV-1622-T-30-MAP
8:01-CV-1624-T-30-MSS
8:01-CV-1625-T-30-TBM
8:01-CV-1626-T-30-MSS
8:01-CV-1628-T-30-EAJ
8:01-CV-1629-T-30-MSS
8:01-CV-1630-T-30-EAJ
8:01-CV-1631-T-30-TBM
8:01-CV-1634-T-30-MSS
8:01-CV-1635-T-30-TGW
8:01-CV-1673-T-30-MAP
8:01-CV-1674-T-30-TGW
8:01-CV-1675-T-30-TBM
8:01-CV-1677-T-30-MSS
8:01-CV-1678-T-30-MSS
8:01-CV-1679-T-30-MSS
8:01-CV-1680-T-30-TBM
8:01-CV-1681-T-30-MAP
8:01-CV-1682-T-30-MAP
8:01-CV-1683-T-30-TBM
8:01-CV-1684-T-30-EAJ
8:01-CV-1685-T-30-MAP
8:01-CV-1686-T-30-EAJ
8:01-CV-1688-T-30-EAJ
8:01-CV-1689-T-30-EAJ
8:01-CV-1690-T-30-EAJ
8:01-CV-1691-T-30-TGW
8:01-CV-1692-T-30-MAP
8:01-CV-1694-T-30-MAP
8:01-CV-1695-T-30-MAP
8:01-CV-1696-T-30-EAJ
8:01-CV-1702-T-30-TGW
8:01-CV-1703-T-30-EAJ
8:01-CV-1704-T-30-TGW
8:01-CV-1724-T-30-MAP

## ORDER ON JURISDICTIONAL ISSUES[1]

This cause came on for consideration upon the Plaintiff's motion for remand (Dkt. 9), Defendant's opposition thereto (Dkts. 10, 12) and other submissions concerning this Court's subject matter jurisdiction. Specifically, Defendants requested that all cases be consolidated with the judge in the lowest numbered case for resolution of all jurisdictional matters. (Dkts. 8, 25). Pursuant to Local Rule 1.04, the Honorable Judge James S. Moody Jr. received transfer of all diet drug cases pending in the Middle District of Florida with the exception of twelve cases[2] pending before the Honorable James D. Whittemore.

---

[1] The docket numbers referred to in this Order are for Case No. 8:01-cv-1587-T-30MAP; the jurisdictional rulings herein apply to each of the cases listed above.

[2] Subsequently, the parties in one of these cases agreed to remand the case to state court after finding diversity of citizenship lacking. See Scharle v. American Home Products Corp., Case No. 8:01-cv-1601-T-27EAJ. Accordingly, there are 11 cases pending before Judge Whittemore.

41

Plaintiff filed supplemental material on the motion for remand. (Dkt. 21). Additionally, Defendant filed motions for leave to conduct discovery regarding jurisdiction. (Dkt. 20). The Court heard the arguments of counsel on October 29 and November 27, 2001, and reviewed supplemental briefs submitted by the parties on certain jurisdictional issues, as permitted by the Court. (Dkts. 26-27, 30-34, 36, 38). Upon careful consideration, the Court finds that these cases were properly removed to this Court for the reasons set forth herein.

## BACKGROUND

This case and the seventy-two other product liability cases removed from the Sixth Judicial Circuit Court in and for Pinellas County, Florida, involve the prescription diet drugs, Pondimon (fenfluramine) and Redox (dexfenfluramine),[2] and allege personal injury damages caused from the ingestion of these drugs. These cases are currently in the process of transfer, as potential tag-along cases, to the diet drug Multi-District Litigation (MDL) pending in the Eastern District of Pennsylvania before the Honorable Louis C. Bechtle.[3] See In re Diet Drugs (Phentermine / Fenfluramine / Dexenfluramine) Products Liability Litigation), MDL Docket No. 1203, U.S. District Court, Eastern District of Pennsylvania. A conditional transfer order has been entered and Plaintiffs have filed an opposition to the transfer, at least in part based upon the pendency of the jurisdictional issues resolved herein. This Court has otherwise stayed all pretrial proceedings pending the resolution of the transfer. (Dkt. 25).

In the MDL, an "Official Court Notice of Nationwide Diet Drug Class Action Settlement" was filed. The Plaintiffs in the cases pending before this Court have opted out of this settlement;

---

[2] These diet drugs were voluntarily withdrawn from the market in September 1997.

[3] These cases were initially consolidated by Order of the Judicial Panel on Federal Multi-District Litigation on December 12, 1997.

although Plaintiff filed the official settlement notice herein in support of her motion to remand this action to state court on the grounds that Defendant failed to establish that the amount in controversy is greater than the required amount of $75,000.

After Plaintiff filed motions for remand, Defendant objected that Plaintiff's motion for remand was untimely[4] because it was filed thirty-one days after Defendant filed its notice of removal. The time for filing a motion to remand is set in 28 U.S.C. §1447(c) which states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

Because Defendant brought up the issue of untimeliness at the October 29 hearing, the Court permitted Plaintiff to file a supplemental brief on this issue.

Under the removal statute, an untimely motion precludes the Court's review of defects "other than lack of subject matter jurisdiction" and acts like a waiver by Plaintiff of any procedural defects in the removal. See Brown v. Prudential Ins. Co. of America, 954 F. Supp. 1582, 1584 (S.D. Ga. 1997); see also In re Plowman, 218 B.R. 607, 613 (N.D. Al. 1998) (explaining 1996 amendment regarding defects in removal). Plaintiff's motion for remand makes two arguments for "procedural defects" in Defendant's removal: (1) the timeliness of the filing of the removal notice, and (2) Defendant's failure to obtain the consent of one of the other co-defendants prior to removal. Accordingly, the Court must first review Defendant's objection to timeliness of the motion for remand prior to addressing to the merits of the remand motion as it relates to those defects other than lack of subject matter jurisdiction.

---

[4] Defendant concedes that in one of the cases, Lockhart v. American Home Products Corp., Case No. 8:01-cv-1704-T-30TGW, Plaintiff filed a timely motion for remand. This case is specifically discussed *infra*. Additionally, in five of the cases, Plaintiff failed to file a motion for remand but filed a supplement to the motion to remand. Because Plaintiff filed a supplemental brief on the issue of remand in these cases, the Court considers whether remand is appropriate for all cases.

Plaintiff's motion for remand also disputes that Defendant has established subject matter jurisdiction. First, Plaintiff asserts that because the complaint incorporates the allegations contained in a "Master Complaint" filed in the state court action, several of the defendants are not diverse in citizenship from the Plaintiff.[5] Second, Plaintiff asserts that Defendant has not established that this case involves $75,000 in controversy as required for this Court to have subject matter jurisdiction pursuant to 28 U.S.C. §1332.[6] This Court permitted the parties to file additional materials concerning the amount in controversy. See Williams v. Best Buy, 269 F.3d 1316 (11th Cir. 2001).

## LEGAL ANALYSIS

This Court is faced with the decision of whether Plaintiff's motion for remand, filed thirty-one days after Defendant filed its notice of removal, is untimely under the removal statute, 28 U.S.C. §1447.[7] If found to be untimely, the Court is precluded from addressing the Plaintiff's arguments that (1) Defendant's notice of removal was filed untimely and (2) Defendant failed to obtain the consent of one of the other co-defendants. Plaintiff also raises lack of subject matter jurisdiction in the motion to remand. See Hobbs v. Blue Cross Blue Shield of Alabama, 1283650 (11th Cir. Oct. 24, 2001) (court must determine whether subject matter jurisdiction exists over a pending action "whether or not this issue was raised before"). Accordingly, the Court will first address the issue of lack of subject matter jurisdiction.

---

[5] Initially, this Court *sua sponte* remanded five cases on the grounds that diversity of citizenship did not exist because Plaintiff incorporated several non-diverse defendants from the "Master Complaint" into these actions. Upon remand, Defendant again removed these cases and clarified that the many of the non-diverse defendants *were not* incorporated into this action and complete diversity existed. At the October 29 hearing, the Court ruled *ore tenus* that the incorporation of the "Master Complaint" does not defeat diversity of citizenship. See Dkt. 22.

[6] Plaintiff concedes, in supplemental briefing (Dkt. 38, p. 2), that based on certain Plaintiffs' injuries, 18 of the cases meet the amount in controversy requirement.

[7] There are two "batches" of cases that were removed. The first batch was removed on August 28, 2001, and the second batch was removed on September 4, 2001.

***Lack of Subject Matter Jurisdiction***

Plaintiff asserts that Defendant has failed to establish in its removal notice that it has met the amount in controversy requirement of $75,000. Defendant's removal notice reads, in pertinent part, that "no verdict entered in any similar case has been for less than $75,000. *See, e.g.,* Media Reports, attached as Exhibit C. Accordingly, on its face, Plaintiff's Complaint places more than $75,000 in controversy." Dkt. 1, ¶11. Plaintiff's complaint alleges the amount in controversy exceeds $15,000, as required for the state court's jurisdiction, and argues that the allegations in Defendant's removal notice fall short of the meeting the burden required of a removing party. See Golden v. Dodge-Markham Co., Inc., 1 F. Supp.2d 1360 (M.D. Fla. 1998).

The Eleventh Circuit recently addressed the burden the removing party must carry in properly removing a case under the Court's diversity jurisdiction. See Williams v. Best Buy Co., 2001 WL 1244759 (11th Cir. Oct. 18, 2001). When the complaint fails to seek a specified amount of damages, the removing party need only show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Id.

Defendant asserts that the allegations in Plaintiff's complaint are sufficient to establish the amount in controversy. Plaintiff alleges, in pertinent part, that she has sustained "serious and permanent injuries including, but not limited to, injuries of the heart, pulmonary system and/or neurological and other physical injuries; disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of the ability to earn money in the future." See Dkt 1, ¶11, *citing* Plaintiff's Master Complaint. Defendant also cites to cases with similar allegations that were found to have sufficiently supported the amount in controversy requirement. Defendant further asserts, in its notice of removal, that no verdict "in a similar case" has been entered for less than $75,000. Plaintiff

asserts that Defendant has failed to make an "affirmative showing" that Plaintiff's allegations meet this threshold requirement.

Defendant initially requested permission to conduct discovery on this issue. See Dkt. 11. The Court did not grant this request, instead permitting the parties to file additional material supporting their arguments. In these additional pleadings, Plaintiff filed the official court notice of settlement from the MDL case. See Dkt. 21. She analogizes her case to those covered by the class action settlement notice who are listed as only receiving $6000-10,000 based on their injuries, and contends that Defendant can not affirmatively show that similar cases have damages greater than $75,000.

Defendant, however, filed the declaration of one of the attorneys involved in the AHP litigation who cites five diet drug cases in various state courts that had jury verdicts (all of the cases reaching verdict and including only compensatory damages) ranging from $1.75 million to $30 million. See Dkt. 34. In the Declaration, Mr. Grossi also attests that the plaintiffs in those cases alleged similar "broadly worded" claims for damages and argued at trial that their conditions were likely to deteriorate and may require surgery in the future.

At the hearing on this issue, the Court found Defendant's supplemental filings to be compelling and informed Plaintiff's counsel that only a stipulation by Plaintiff that she was not seeking in excess of $75,000 would overcome the declaration filed by Defendant. Plaintiff declines to so stipulate. In the absence of such a stipulation, the Court finds that Defendant has met its burden under the law of this Circuit and established the amount in controversy requirement pursuant to 28 U.S.C. §1332.

***Timeliness of Plaintiff's Motion for Remand***

Defendant asserts that Plaintiff's motion for remand is untimely because she failed to file her motion within thirty-days of the filing of Defendant's notice of removal. This issue must be addressed before the Court looks to the two "procedural defect" grounds raised by Plaintiff in the motion for remand. If the motion for remand is untimely, these Court will not address the merits of these defects because Plaintiff is deemed to have waived any objections to procedural defects in the removal. Defendant's removal will not be disturbed once subject matter jurisdiction has been established.

Defendant contends that this issue is controlled by the plain words of the removal statute, Plaintiff has thirty days from the filing of the notice of removal to file a motion for remand "on the basis of any defect other than lack of subject matter jurisdiction." Failure to do so bars the raising of any "procedural" or "technical" defects with the removal. Plaintiff contends that he should be permitted the additional three days for mail time afforded by Fed. R. Civ. P. 6(e). Rule 6(e) reads in pertinent part;

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

The only federal appellate court to squarely address this issue has clearly held that the plain words of the statute control and the mail time set forth in Rule 6(e) does not extend the thirty-day time period to file a motion for remand, "as that rule only applies when a party is required to act within a prescribed period after *service*, not after *filing*." Pavone v. Mississippi Riverboat Amusement Corp., 52 F.3d 560, 566 (5th Cir. 1995). See also In re: Bethesda Memorial Hosp., 123 F.3d 1407, 1410-11 (11th Cir. 1997) (in determining that remand order was reviewable when case was remanded on procedural defect after 30 days of removal notice, court looked to "plain language"

of 28 U.S.C. §1447(c) and finds it was "bound by the thirty-day limit"); Clements v. Florida East Coast Ry. Co., 473 F.2d 668, 670 (5th Cir. 1973)[8] ("Rule 6(e) has no application [when] the action required of plaintiff was not within a prescribed period after service of the order upon him.").

Plaintiff responds by looking at several district court opinions that have specifically permitted a plaintiff to add the three-day mail time from Rule 6(e) to motions for remand when the defendant served the removal notice by mail. See McPherson v. Peele Co., 1995 WL 56600 (E.D. Pa. 1995); McGovern v. Mucklow, 1992 WL 160639 (E.D. Pa. 1992); Chott v. Cal Gas Corp., 746 F. Supp. 1377 (E.D. Mo. 1990); but see Lewis v. Certainteen Corp., 870 F. Supp. 130 (W.D. La. 1994) (not allowing Rule 6(e) mail time for motion to remand). Plaintiff urges the Court to rule as did the two Eastern District of Pennsylvania cases that allowed Rule 6(e) mail time for motions to remand, pointing to the equity of utilizing the law of the district in which the MDL is pending. But see Robinson v. Nutter, 1995 WL 61158, *4, n.4 (E.D. Pa. 1995) (plaintiffs are not permitted to "avail themselves of the three-day grace period provided in [] Rule 6(e)" for filing their motion to remand); cf. Mosel v. Hills Department Store, 789 F.2d 251 (3d Cir. 1986) (mail time did not apply to extend 90-day period following receipt of right-to-sue letter from Equal Employment Opportunity Commission within which employee was required to file employment discrimination complaint – Rule 6(e) only applies "where a time period is measured from the date of service by mail").

As the Court noted at the hearing on this matter, were it to rule on the issue "from scratch," it would rule the way the court did in the footnote four in the Robinson case because the period for filing a motion to remand is commenced by *filing*, not by *service*. However, at the hearing, the Court also noted the unfairness of applying law to this case contrary to the law found in the two Eastern

---

[8] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

District of Pennsylvania courts cited by Plaintiff because that is where the diet drug MDL action is pending and where these cases are likely to be transferred if they remain in federal court. These two cases specifically permitted an extra three days mail time for motions to remand so that motions filed thirty-three days after the removal notice was filed, if it was served by mail, would be considered timely. See McPherson v. Peele Co., 1995 WL 56600 (E.D. Pa. 1995); McGovern v. Mucklow, 1992 WL 160639 (E.D. Pa. 1992). Despite the Court's equitable leaning towards finding the motion for remand timely (by allowing the three days mail time in Rule 6(e)), upon further consideration the Court has determined that it is constrained by the plain words of the removal statute, and the Pavone, Mosel, Clements, and Bethesda Memorial Hospital cases, to find that Rule 6(e) does not extend the time period for filing a motion to remand. Accordingly, the Plaintiff's motion for remand is untimely and the Court makes no finding on the procedural defects raised by Plaintiff for the cases in which the motion for remand was filed thirty-one days after the removal notice was filed.

*Case No. 8:01-cv-1704-T-30TGW*

To conserve judicial resources and paper, the Court directed the parties to file all pleadings in this lowest numbered case, Delorme v. American Home Products Corp., Case No. 8:01-cv-1587-T-30MAP, while reviewing jurisdictional issues. See Dkt. 23. In Defendant's supplemental brief on jurisdiction, Plaintiff attached a table listing the time period in which the motions for remand were filed in each removed diet drug case. See Dkt. 27, Exh. A. There was only one case in which the motion for remand was timely filed – Lockhart v. American Home Products Corp., Case No. 8:01-cv-1704-T-30TGW. In this case, Plaintiff filed his motion for remand twenty-four days after

the notice of removal was filed. Accordingly, this motion is timely and the Court will address the issues raised by Plaintiff in its timely motion for remand filed in Lockhart.[9]

In this case, it is alleged that the Plaintiff, Janet Lockhart, is a resident of Orange County, Florida. Defendant American Home Products Corporation ("AHP") is a Delaware corporation with its principal place of business in New Jersey and Defendant Eon Labs Manufacturing, Inc. ("Eon Labs") is also a Delaware corporation with its principal place of business in New York. Plaintiff also named another Florida citizen, Goldline Laboratories, Inc., as a Defendant in this case. Accordingly, at that time, diversity of citizenship did not exist.

On August 3, 2001, however, Plaintiff voluntarily dismissed Goldline from the case. The notice of dismissal would be considered the first paper "from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. 1446(b), and upon Defendant's receipt thereof, complete diversity existed. Accordingly, Defendant timely filed for removal on September 4, 2001, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332.[10]

Having established that the notice of removal was timely filed and that the complete diversity of citizenship existed, and establishing supra that Defendant met its burden of establishing the amount in controversy, the Court turns to the issue of whether Defendant American Home Products needed to obtain the consent of Eon Labs prior to removal. Section 1446(a) has been consistently interpreted to include a "unanimity requirement" which requires the consent to removal of all

---

[9] Because Plaintiff had filed a timely motion for remand in one case and in part, due to the Court's leaning towards the equities of permitting additional mail time for Plaintiff' motion for remand, the Court heard the arguments of counsel and was fully briefed on these issues at the November 27 hearing.

[10] Although this case was initially remanded *sua sponte* by this Court, Defendant's second removal notice (clarifying the grounds for removal so that the initial ground for the Court's *sua sponte* remand was no longer valid) was timely filed under 28 U.S.C. §1446(b), Fed R. Civ. P 6(a) and Local Rule 4.20.

defendants in a case involving multiple defendants. See Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001) ("the unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal"). Of course, if Eon Labs was not served at the time AHP removed this case, as AHP contends, Eon Labs' consent was not required.

Plaintiff offers as evidence that Eon Labs was served, a letter from its counsel dated September 25, 2001, agreeing that prior delivery of the complaints by mail on local counsel constituted service. See Dkt. 9, Exh. 3. Defendant submitted affidavits of counsel that prior to removing this case to federal court, counsel contacted counsel for Eon Labs to confirm that Eon Labs had not been served. See Dkt. 10, Exh. A. Defendant argues that because Eon Labs and Plaintiff's counsel came to an agreement *after* the date of removal, they should not be precluded from removing the case because there is no way that Defendant AHP could have known service would later be attained on a date prior to their removal.[11]

The Court is persuaded by Defendant's arguments. As the Court ruled *ore tenus* at the hearing, Defendant met their burden in filing their notice of removal on this issue. Defendant exhibited diligence in checking the state court file and calling Eon Labs' counsel to confirm whether service had occurred prior to removal, presumably knowing that if Eon Labs had been served they would have to obtain their consent prior to removal.[12] Plaintiff's counsel counters that defense

---

[11] Counsel for Defendant AHP also attests that he checked the state court docket to determine if service of process on Eon Labs had been attained. See Dkt. 10, Exh. A.

[12] A fact which was not likely to occur. Defendant notes, in the affidavit of counsel, that Eon Labs previously agreed with Plaintiff, as they had done in other similar cases, not to consent to removal. Nonetheless, counsel for Eon Labs did confirm to AHP's counsel when contacted prior to filing the notice of removal, that to his knowledge Eon Labs had not been served with process. See Dkt. 10, Exh. A.

counsel should have checked with Plaintiff's counsel. The Court does not find this argument countervailing in these circumstances. Plaintiff's motion for remand in this case is also denied.

It is thereby **ORDERED and ADJUDGED** that Plaintiff's Motion for Remand (Dkt. 9) is denied as set forth herein and those diet drug cases removed from the Sixth Judicial Circuit Court in and for Pinellas County are hereby found to have been properly removed to this Court. Defendant's Motion to Conduct Discovery Regarding Jurisdiction (Dkt. 11) and Plaintiff's Motion to Transfer Cases and for Protective Order (Dkt. 35) are therefore denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on this 4 day of December, 2001.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record