**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT D'AMICO, SR.,** **C.A. No. 07-301/S**

**Plaintiff,**

**vs.**

**GUIDANT SALES CORPORATION,**
**CHARLES H. KOO, M.D. and**
**RHODE ISLAND CARDIOLOGY**
**CENTER, LLC.**
**Defendants.**
_______________________________________/

**DEFENDANT GUIDANT SALE CORPORATION'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MDL 1708**

Defendant Guidant Sales Corporation ("Guidant") moves the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for an Order staying all proceedings, including, but not limited to, (i) the time period for Guidant to respond to Plaintiff's Complaint, (ii) a ruling on any jurisdictional issues such as those that may be raised in any Motion to Remand, (iii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iv) other discovery and pretrial deadlines, pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiff's claims to MDL 1708. In support thereof, Guidant states:

1. Plaintiff's claims arise out of the implantation of a cardiac medical device allegedly manufactured by Guidant.

2. On November 7, 2005, the JPML created an MDL Court entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* MDL Docket No. 1708 (D.

Minn.)(Transfer Order, attached as Exhibit A), for coordinated and consolidated pretrial proceedings in these cases. Among the purposes for such consolidation is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings…and conserve the resources of the parties, their counsel and the judiciary." *Id.* Shortly after MDL 1708 was created, the JPML began transferring cases involving these allegedly defective cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. More than 1940 cases involving cardiac medical devices allegedly manufactured by Guidant have been filed in federal courts or removed to federal courts throughout the country since the MDL Court was established. More than 1900 of those cases have been transferred or ordered to be transferred to the MDL Court.

3. As set forth in the Memorandum of Law below, proceedings involving claims such as those presented in this case are routinely stayed pending transfer to the MDL Court.

4. Guidant will promptly notify the JPML that this case is appropriate for transfer and expects that the JPML will issue a Conditional Transfer Order shortly.

5. A stay of all proceedings in this Court pending transfer is appropriate because such relief will promote judicial economy and consistency. Transfer of this case will permit the MDL Court to decide the many issues, including jurisdictional issues, that have arisen or are likely to arise in the many cases pending against Guidant throughout the country.

6. Counsel for Guidant has attempted to confer with Plaintiff's counsel regarding the relief sought, but has been unsuccessful.

WHEREFORE, Guidant respectfully requests that this Court enter an order staying all proceedings in this Court, including , but not limited to, (i) the time period for Defendants to respond to Plaintiff's Complaint (ii) a ruling on any jurisdictional issues such as those that may

be raised in any Motion to Remand, (iii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iv) other discovery and pretrial deadlines pending the JPML's decision regarding transfer of Plaintiff's claims to the MDL Court.

Respectfully submitted,

/s/ Michael J. Daly

Brooks R. Magratten, Esq., #3583
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: August 15, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT D'AMICO, SR.,** **C.A. No. 07-301/S**

**Plaintiff,**

**vs.**

**GUIDANT SALES CORPORATION,**
**CHARLES H. KOO, M.D. and**
**RHODE ISLAND CARDIOLOGY**
**CENTER, LLC.**
**Defendants.**
____________________________________/

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT GUIDANT SALE CORPORATION'S MOTION TO STAY ALL**
**PROCEEDINGS PENDING TRANSFER TO MDL 1708**

Defendant Guidant Sales Corporation ("Guidant") has moved the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for an Order staying all proceedings in this Court pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiff's claims to the MDL Court.

## I. INTRODUCTION

In June 2005, certain physician advisories about cardiac medical devices manufactured by Cardiac Pacemakers, Inc., a wholly owned subsidiary of Guidant Corporation, were classified as recalls by the federal Food and Drug Administration ("FDA"). Since that time, more than 1940 cases have been filed in or removed to federal courts throughout the country alleging injuries resulting from the implantation of these devices and more than 1900 cases have been transferred or formally ordered to be transferred to the MDL Court. Many more are expected to

be subject to the JPML's upcoming CTOs. Guidant will promptly notify the JPML that Plaintiff's claims are appropriate for transfer to the MDL Court. Within the next couple of weeks, the JPML will likely issue a CTO transferring this case. Once this case is transferred to the MDL Court, all pretrial issues will be governed by scheduling orders entered by the Honorable Donovan W. Frank, who presides over MDL 1708 and those orders will supersede any rules or orders governing the case at the time of transfer. Accordingly, to promote uniformity and judicial economy, Guidant respectfully requests that all proceedings in this action be stayed pending the JPML's decision on transfer.

## II. ARGUMENT

A court has broad discretion to grant a motion to stay pretrial proceedings pending transfer to another court. *See Portnoy v. Zenith Labs,* No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April 21, 1987); *see also Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). Moreover, federal courts possess the inherent power to control their dockets by staying proceedings. *See id.* Such stays are particularly valuable in promoting the purposes of the JPML, which is designed to promote judicial efficiency and consistency. *See* 28 U.S.C. § 1407(a). This Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 229 U.S. 248, 254 (1936).

The authority to stay pretrial proceedings includes authority to stay consideration of jurisdictional matters pending transfer to an MDL. *See Tench v. Jackson Nat'l Life Ins. Co.*, No. 99-C-5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999) (ordering a stay of proceedings pending transfer to an MDL Court when a motion to remand was pending). Indeed, the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until

after the [JPML] has transferred the case." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. April 3, 2001). Consolidating motions to remand in the MDL Court allows for uniformity and judicial economy in determining jurisdictional issues. *See In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served."); *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919, at *1 (E.D. La. April 19, 2000) (transferee court should decide remand motion because of the replication of factual and legal issues in several actions brought against same defendant); *Aikins v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (same).

Indeed, a number of other district courts have stayed all proceedings, including rulings on unresolved jurisdictional issues, in actions allegedly involving these cardiac medical devices pending transfer to the MDL Court. *See Alexander v. Boston Scientific Corp., et al.*, No. 06-01289 (E.D. Mo., September 19, 2006)(order granting stay, Autrey, J.)(attached as Exhibit B) (staying case with identical jurisdictional issues and motion to remove pending). *See, also, Sims v. Guidant, et al.*, No. 06-0644 (S.D. Ala. Nov. 2, 2006)(order granting stay, Hand, J.); *Gaydos v. Guidant, et al.*, No. 05-1683 (M.D. Fla. Dec. 8, 2005) (order granting stay, Presnell, J.); *Cabrera v. Guidant, et al.*, No. 06-593 (M.D. Fla. July 28, 2006)(order granting stay, Presnell, J.); *Curcio v. Guidant Corp., et al.*, No. 05-61899 (S.D. Fla. Jan. 26, 2006)(order granting stay, Dimitrouleas, J.); *Wood v. Guidant, et al.*, No. 06-0733 (D.N.M. Nov. 16, 2006)(order granting stay, Lynch, J.); *Oakes v. Guidant, et al.*, No. 06-0732 (D.N.M. Sept. 25, 2006)(order granting stay, Scott, J.); *DePaul v. Guidant, et al.*, No. 06-1806 (S.D. Tex. June 28, 2006)(order granting stay, Werlein, J.); *Hardin v. Guidant Corp., et al.*, No. 05-430 (S.D. Tex. Feb. 1, 2006); and

*Caldwell v. Guidant Corp., et al.*, No. 05-1144 (W.D. Tex. Jan. 18, 2006) (attached as Composite Exhibit C).

Courts consider several factors when determining whether a stay of proceedings is appropriate, including judicial economy and efficiency, the risk of "inconsistent pretrial rulings" and duplicative discovery and motion practice. *Johnson v. AMR Corp.*, Nos. 95-C-7659 – 95-C-7664, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996) (granting stay and preserving decision on remand motion for MDL transferee court); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-1362 (C.D. Cal. 1997) (granting stay where remand motion was pending and an MDL Court had not yet been selected in order to conserve judicial resources). This analysis is often accompanied by a balancing of the relative hardships to each party in the event a stay is granted or denied. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001) (where defendant faced the same or similar issues on remand in eight other cases, stay was granted because gains in judicial economy outweighed the burden of delay); *American Seafood, Inc. v. Magnolia Processing, Inc.*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *1, 2 (E.D. Pa. May 7, 1992); *Tench*, 1999 WL 1044923, at *2.("Duplicative motion practice and discovery heavily outweigh the possible prejudice the short time period that the proceedings stayed will cause the plaintiffs."). In this case, these factors all weigh heavily in favor of a stay.

### A. A Stay Will Conserve the Resources of the Court and Litigants

The MDL Court has already established effective pretrial and discovery procedures tailored to address the specific issues arising in this litigation. In fact, to date more than twelve (12) million pages of documents have been produced in the MDL Court. Proceedings that duplicate or are contrary to those MDL Orders will serve only to cause confusion and waste the

time and resources of the federal court system and the litigants. By contrast, a stay of proceedings in this Court pending transfer to the MDL Court will avoid these issues.

**B. A Stay Will Promote Consistency in Pretrial Rulings**

Courts routinely grant stays pending transfer to an MDL in order to provide greater consistency in pretrial rulings. *See Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (stay granted in order to "eliminate the potential for conflicting pretrial rulings" and to further judicial economy). This includes rulings on jurisdictional issues. *See Nekritz v. Canary Capital Partners*, No. 03-5081, 2004 WL 1462035, at *2 (D.N.J., Jan. 12, 2004)(staying case with remand motion pending MDL transfer because "an immediate stay will permit the most efficient possible use of the courts' and the parties' resources, and will eliminate the danger that a decision on this remand motion might be inconsistent with decisions by other courts on similar questions"); *Johnson*, 1996 WL 164415, at *4 (noting that the MDL has the advantage of "looking at the forest as well as the trees" and finding that upon transfer "it is far better for the . . .[MDL judge] to resolve the jurisdictional question").

The volume of cases alleging similar claims in numerous different jurisdictions makes consistency of pretrial rulings of paramount importance. Consistency is best achieved by granting a stay pending transfer to the MDL, where all pretrial issues can be decided by one court in a uniform manner. In this case, the MDL Court has extensive knowledge of this complex litigation and the potential issues raised in Plaintiff's Complaint. In addition, the propriety of joining product liability claims with unrelated medical negligence claims is an issue that has been raised in cases currently pending in the MDL Court.

### C. The Benefits of a Stay Outweigh Any Harm

A court may weigh the relative benefits and harms to litigants in deciding whether to grant a stay. *See Portnoy*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987) (in deciding if justice would be furthered by a stay of proceedings, court examined the harm to plaintiff and found that any delay that would result was minimal); *Republic of Venezuela v. Philip Morris Co.*, 1999 WL 339211677 (S.D. Fla., April 28, 1999)(staying case until decision by JPML regarding MDL transfer despite Plaintiffs' pending motion to remand because Plaintiffs would not be prejudiced).

In contrast to the significant burdens imposed on the defendants by exposing them to potentially duplicative and inconsistent pretrial rulings and discovery, the harm, if any, to the plaintiff from a brief stay, would be minimal. *See Rosenfeld v. Hartford Ins. Co.*, Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("[w]hile they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost"); *Falgoust,* 2000 WL 462919, at *2 (granting stay where moving party demonstrated harm would result if stay was withheld while non-movant failed to show she would be significantly prejudiced). As noted above, transfer is likely to occur promptly. Any delay in the litigation of this case will therefore be minimal.

## III. CONCLUSION

For all these reasons, Guidant respectfully requests that the Court stay all proceedings in this matter pending the JPML's decision regarding transfer of this case to MDL 1708.

Respectfully submitted,

/s/ Michael J. Daly

Brooks R. Magratten, Esq., #3583
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: August 15, 2007

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this motion and memorandum on August 15, 2007, both of which are available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below-identified counsel of record will be effectuated by electronic means:

Mark W. Dana, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909

I further certify that, on the 15th day of August, 2007, this motion and memorandum were mailed by first class mail, postage prepaid, to the below-identified counsel:

Michael G. Sarli, Esq., No.
Gidley, Sarli & Marusak, LLP
Attorneys for defendant Charles H. Koo, M.D.
1 Turks Head Place, Suite 900
Providence, RI 02909
(401) 274-6644
(401) 331-9304 [FAX]

William F. White, No.
White, Carlin & Kelly
Attorney for defendant Rhode Island Cardiology Center, LLC
155 Westminster St.
Providence, RI 02903
(401) 273-1400

/s/ Michael J. Daly