THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT D'AMICO, SR., Plaintiff, | : | |
| vs. | : | C.A. No.:07-301S |
| GUIDANT SALES CORPORATION, CHARLES H. KOO, M.D., and RHODE ISLAND CARDIOLOGY CENTER, LLC, Defendants. | : | |

**PLAINTIFFS' MOTION TO REMAND TO THE RHODE ISLAND SUPERIOR COURT**

Now come the Plaintiff, in the above-entitled matter, and moves the Honorable United States District Court for the District of Rhode Island for an order of remand pursuant to 28 U.S.C. 1447(c). A memorandum of law in support of this motion is attached.

Plaintiff
By his Attorneys:

***D'AMICO • BURCHFIELD, LLP***

/s/ Mark W. Dana, Esq.__________

Mark W. Dana, Esq.#4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

## ***CERTIFICATION***

I hereby certify that on this 16th day of August, 2007, a true copy of the within *Motion* was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

Brooks R. Magratten
Vetter and White
20 Washington Place
Providence, RI 02903

William White
White, Carlin and Kelly, P.C.
The Westminster Square Building
155 Westminster Street, 7th Floor
Providence, RI 02903

/s/ Mark Dana, Esq.____

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT D'AMICO, SR., Plaintiff, | : | |
| vs. | : | C.A. No.:07-301S |
| GUIDANT SALES CORPORATION, CHARLES H. KOO, M.D., and RHODE ISLAND CARDIOLOGY CENTER, LLC, Defendants. | : | |

***PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO THE RHODE ISLAND SUPERIOR COURT***

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff filed suit in the Providence County Superior Court on July 10, 2007. Service was made on Guidant Sales (hereinafter "Guidant") on July 12, 2007 and Rhode Island Cardiology Center (hereinafter "RICC") on July 18, 2007. The facts of this matter as alleged in the Complaint are clear. Plaintiff alleges that he learned prior to the implantation of his Guidant pacemaker that there were significant issues with the pacemaker's reliability. Plaintiff then advised RICC not to use a Guidant pacemaker and RICC agreed. Remarkably, Defendant RICC through it's employee Dr. Koo in fact implanted a Guidant pacemaker in the Plaintiff, despite the Plaintiff specifically instructing him to the contrary. Plaintiff alleges that RICC was negligent in the implantation of the Guidant pacemaker. Plaintiff has alleged, in part, that Guidant was negligent.

Guidant asserts that Co-Defendant RICC is improperly joined and that Plaintiff fraudulently and/or improperly joined RICC. (See notice of removal paragraph 17.) Defendant Guidant is in error.

## II. STANDARDS APPLICABLE TO REMOVAL

When a plaintiff challenges the propriety of a defendant's removal to Federal Court, the defendant must carry the burden of showing the necessary facts to support the Court's exercise of jurisdiction pursuant to 28 U.S.C. § 1441. See *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 181 (1936) (Imposing burden on defendant regarding justification of removal); *BIW Deceived v. Local S6*, 132 F.3d 824, 831 (1st Cir. 1997) (Defendant bears burden to prove removal by existence of Federal jurisdiction). *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48 (1st Cir. 1992). (The party invoking subject matter jurisdiction has the burden of proving, by clear and convincing evidence, the facts supporting jurisdiction.) *See*, 1A James Wm. Moore et al., Moore's Federal Practice P O. 161 [2] at 276 n.5 (2d ed. 1993). The Second Circuit, as cited in *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001), uses the following test:

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.

Any doubts about the propriety of removal are construed in favor of remand. See *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) (doubts about removal should be resolved in favor of remand); *Matthews v. Stewart*, 207 F.Supp 2d 496, 497 (M.D.La 2001)

(District Court's limited jurisdiction construes doubts against removal once plaintiff seeks remand).

The right of removal cannot be defeated by a fraudulent joinder of a non-diverse defendant who has no real connection to the controversy. See, *Wilson v. Republic Iron & Steel Co*. 257 U.S. 92 (1921). The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party is reasonable in law and fact. In *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875 (1st Cir. 1983) the Court determined that "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant."

The Supreme Court in *Wecker v. Nat'l Enamling & Stamping Co.*, 204 U.S. 176 (1907) established the procedure for challenging a joinder as fraudulent. The Court held:

> "If in such a case a resident defendant is joined, the joinder, although fair on its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to the conclusion apart from the pleader's deductions. The petition must be verified, and its statements must be taken by the state court as true. If removal is effected, the plaintiff may, by a motion to remand, plea or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court, and at the hearing the petitioning defendant must take and carry the burden of proof, he being the actor in the removal proceeding. But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it."

## III. ARGUMENT IN SUPPORT OF REMAND

### A. Rhode Island has not adopted "Fraudulent Misjoinder"

In removing this case, Guidant relies upon a variation of fraudulent joinder known as misjoinder. Its origin appears to be from an Eleventh Circuit decision, *Tapscott*

*v MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). *Tapscott* recognized that fraudulent joinder can exist when a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. (Citing, *Accardo v. Lafayette Ins. Co.*, 2007 U.S. Dist. LEXIS 6859). This doctrine differs from fraudulent joinder which involves the joinder of a resident defendant whom a plaintiff has no possibility of prevailing against in his cause of action. Misjoinder effectively extends the doctrine by stating that if there is no connection between the diverse and non-diverse defendants, severance is appropriate even if the claim is a valid claim against the resident defendant. The weapon of choice to facilitate this theory is Rule 20(a), Fed R. Civ. P.

Fraudulent misjoinder, although recognized in some circuits is generally not accepted. In fact it appears that the only circuit courts that have endorsed the *Tapscott* analysis is the Fifth Circuit and the Eleventh Circuit. *See, Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2005). All other circuit courts have either not addressed it or have outright rejected it. The First Circuit has not addressed it. Some district courts have described the *Tapscott* doctrine as unsupported by Supreme Court authority, contrary to the narrow construction to be given removal statutues, and productive of unnecessary confusion. See, *Bird v. Carteret Mortgage Group,* 2007 U.S. Dist. LEXIS 471, 2007 WL 43551, at 5 (S.D. Ohio Jan. 5, 2007); *Rutherford v. Merck & Co., Inc.,* 428 F.Supp.2d 842, 851 (S.D. Ill. 2006); *Osborn v. Metropolitan Life Ins. Co.,* 341 F.Supp.2d 1123, 1128 (E.D. Cal. 2004); *see also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3723 at 658 (2006) (describing this third type of

improper joinder as adding "a further level of complexity - and additional litigation - to a federal court's decision regarding removal jurisdiction").

In particular, courts have questioned whether *Tapscott's* distinction between mere misjoinder and egregious misjoinder might be so subjective as to be unworkable. *See Rutherford*, 428 F.Supp.2d at 852. The Seventh Circuit has held that "whether viable state-law claims have been misjoined—even "egregiously misjoined—is a matter to be resolved by a state court. *See also, In re Prempro Prods. Liab. Litg., CCH Prod. Liab. Rep*. 2007 U.S. Dist. LEXIS 20214 (E.D. Ark., March 21, 2007). Nothing in the jurisprudence of the Supreme Court of the United States regarding fraudulent joinder suggests that the joinder of non-fraudulent claims under state procedural rules is a question that implicates the subject matter jurisdiction of the federal court" *See*, *Chicago, Rock Island & Pac.Ry. Co. v. Whiteaker*, 239 U.S. 421 (1915) cited in *Bavone v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 22996. In *Whiteaker* the Court held that there is no fraudulent joinder when the plaintiff has a right of action under the law of the state and to insist upon a non-diverse defendants presence as a real defendant.

Neither 28 U.S.C. §1332 nor any case provides that defendants may discard parties in order to make controversies removable. *See, Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000). As stated by the court in *Bavone*, the fraudulent misjoinder doctrine is an improper expansion of the scope of federal diversity jurisdiction. In *Moore v. Mobile Oil Corp.*, 904 F. Supp 587 (E.D. Tex. 1995) that court stated: "This court cannot rewrite the removal statute to grant itself subject matter jurisdiction over this action. It is abundantly clear that Congress has not vested in federal courts the power to fashion equitable removal solutions to procedural complexities".

The better rule is to require the removing defendant to resolve the claimed misjoinder in state court. *See, Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp. 2d 1123 (E.D. Cal. 2004). In Rhode Island, as Guidant properly points out, Fed R. Civ. P. 20(a), is identical to the Rhode Island rule. Consequently, there is no reason why federal procedural rules should be applied to cases where jurisdiction has yet to be determined.

Fed R. Civ. P. 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, et al., Federal Practice and Procedure 1652 (3d ed. 2001). Guidant's attempt to remove this matter has the opposite result. It necessarily requires more than one trial. If severance is allowed both cases would require the testimony of a Guidant representative as well as employees and/or agents of RICC. Both suits would involve discovery involving agreements or contracts between the two defendants, their past relationship and whether RICC knew of Guidant's poor track history prior to the implantation in this case. The cases are so intertwined that the logical relationship of facts can not go unseen by Defendant Guidant. Guidant's advancement of the "fraudulent misjoinder doctrine" is a thinly veiled attempt to obtain jurisdiction where none exists. Guidant has gone to exceptional lengths to implement a minority view doctrine solely to secure it's favored forum. Such conduct is inappropriate.

Even if this Court embraces fraudulent misjoinder, which it should not do, there is nothing based on these facts to indicate that Plaintiff attempted to "egregiously" join a party that had nothing to do with the case merely to avoid jurisdiction. To the contrary, it can be easily ascertained from Guidants' argument endorsing a non-existent doctrine in

this district and the lack of case law to support it's position that it is Guidant that seeks to avoid proper jurisdiction.

**B** **<u>Even if this Court accepts "Fraudulent Misjoinder" the claims in fact stem from the same transactions or occurrences.</u>**

Defendant Guidant does not dispute, and in fact can not dispute, that the Plaintiff is a Rhode Island resident and that RICC is a Rhode Island Corporation. Hence there is no diversity of parties which would vest jurisdiction with this Court. Instead Guidant argues that the claims do not involve the same transaction or occurrences consistent with Rule 20(a), Fed R. Civ. P. The argument continues that since the claims are distinct and have no relationship they should be severed. The severance of parties would then necessarily result in Defendant RICC's case be remanded to state court and Guidant to remain in this Court. Of interest, counsel for Guidant has asserted that RICC has consented to the notice of removal. (See notice of removal paragraph 17). Of further interest, RICC has answered the Complaint and has propounded discovery in the state court matter. Such activity begs the question as to why RICC would agree to removal when they have started the discovery process and regardless of the outcome of this motion RICC would remain in state court.

Although courts have various tests to determine if a claim or claims arise out of the same transactions or occurrences or series of transactions or occurrences, generally this requirement is satisfied if there is a logical relationship between the transactions or occurrences. *See, Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926).

In the case at bar, the decision to use a Guidant pacemaker by RICC necessarily involves a relationship between the two. RICC used Guidant pacemakers for it's patients. It becomes important to determine why, especially in light of the fact that the

Plaintiff specifically instructed RICC not to use the Guidant device. RICC's services were directly connected to using a Guidant pacemaker. There is a logical relationship between RICC implanting the pacemaker in the Plaintiff and Guidant supplying the same pacemaker to RICC. The events are logically related. Courts do not require "absolute identity of all events. *Id*.

Guidant relies on *Greene v Wyeth*, 344 F.Supp. 2d 674 (D. Nev. 2004) to support it's contention that severance is appropriate. What Guidant leaves out of the analysis is that only two of several plaintiffs had claims against non-diverse defendants. *Greene* was a Phen-Phen case involving multiple plaintiffs and defendants. In those cases specifically, courts have held that the ingestion of medication among various Plaintiffs alone cannot constitute the same transaction or occurrence. "Claims of plaintiffs who have not purchased or received diet drugs from an identical source do not satisfy the same transaction or occurrence test." *See, Weaver v. Am. Home Prods. Corp.*, 294 F. Supp 2d 667 (E.D.Pa. 2003). Such an analysis makes sense. It would be chaos to allow a multitude of plaintiffs to sue several physicians and pharmaceutical companies when some of the physicians have no involvement with some of the plaintiffs and some plaintiffs have no involvement with other plaintiffs. It is this scenario that clearly fails the same transaction or occurrence test required by Rule 20(a), Fed R. Civ. P.

The case at bar is clearly distinguishable because this is not an issue of multiple plaintiffs receiving pacemakers from several different manufacturers. This is one Defendant purchasing a pacemaker from one Defendant manufacturer and implanting that pacemaker into the single Plaintiff. *Weaver* would suggest that such facts do meet the same transaction or occurrence test. Next, Guidant cites *In re Rezulin* 168 F. Supp. 2d

136 (S.D.N.Y. 2001) to support its position, yet an analysis of that case shows this matter to be multi-state litigation involving eight actions filed in different states. The matter involved multiple plaintiffs that clearly did not have claims arising out of the same transactions or occurrences as the claims of their co-plaintiffs. For Guidant to argue that these scenarios are the same as the case at bar is disingenuous. In short, Guidant cannot support it's contention of severance with any case law that comes close to the facts of this case.

This case is analogous to *Asher v. 3M*, 2005 U.S. Dist. LEXIS 25564 (E.D. Ky., October 27, 2005). In that case, Plaintiffs were coal miners who suffered from black lung disease. They brought an action against a single manufacturer of respirators used in the coal mines as well as the retailers of the respirators. Defendants removed the matter arguing fraudulent joinder. Plaintiffs filed a motion to remand and the court remanded the entire matter to state court reasoning that:

> This court has a responsibility to accept jurisdiction in all proper cases. However, it has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

*Id. (Citing Walsh v. Am. Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D. Ky. 1967)).

Consequently, even if this Court accepts the *Tapscott* minority view, under the facts of this case, the same transaction or occurrence test is satisfied.

## III. CONCLUSION

This Court, like most federal courts, should reject the doctrine of "fraudulent misjoinder" as put forth in *Tapscott* for the reasons stated above. However, even if this

Court were to accept the doctrine, there is no "egregious" misjoinder and the facts of this case clearly satisfy the same transaction or occurrence test as required under Fed R. Civ. P. 20(a). For these reasons Plaintiff's Motion to Remand the entire matter be granted.

Plaintiff,
By and Through His Attorneys:

**D'AMICO • BURCHFIELD, LLP**

**_/s/_Mark Dana_________________**

Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
Tel: 401.454.1212
Fax: 401.490.4814

## CERTIFICATION

I hereby certify that on this 16th day of August, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system, and copies were also sent to all counsel of records via regular mail.

Brooks R. Magratten
Vetter and White
20 Washington Place
Providence, RI 02903

William White
White, Carlin and Kelly, P.C.
The Westminster Square Building
155 Westminster Street, 7th Floor
Providence, RI 02903

/s/ Mark Dana, Esq.____