THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT D'AMICO, SR., Plaintiff, | : | |
| vs. | : | C.A. No.:07-301S |
| GUIDANT SALES CORPORATION, CHARLES H. KOO, M.D., and RHODE ISLAND CARDIOLOGY CENTER, LLC, Defendants. | : | |

**PLAINTIFF 'S OBJECTION TO DEFENDANT'S MOTION FOR A STAY**

Now comes the Plaintiff, Robert D'Amico, Sr., by and through his attorneys, and objects to Defendant's, Guidant Sales Corporation Motion for a Stay. As grounds in support of this objection a memorandum of law is attached.

Plaintiff,
By his Attorneys:

***D'AMICO • BURCHFIELD, LLP***

/s/ Mark W. Dana, Esq.
Mark W. Dana, Esq. #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

***CERTIFICATION***

I hereby certify that on this 16th day of August, 2007, a true copy of the within *Motion* was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

Brooks R. Magratten
Vetter and White
20 Washington Place
Providence, RI 02903

William White
White, Carlin and Kelly, P.C.
The Westminster Square Building
155 Westminster Street, 7th Floor
Providence, RI 02903

/s/ Mark Dana, Esq.__

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT D'AMICO, SR., :
Plaintiff, :
vs. : C.A. No.:07-301S
:
GUIDANT SALES CORPORATION, :
CHARLES H. KOO, M.D., and :
RHODE ISLAND CARDIOLOGY CENTER, LLC,:
Defendants.

***PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR A STAY***

Plaintiff, Robert D'Amico, Sr. objects to Defendants Guidant Sales Corporation ("Guidant") Motion for a Stay of all proceedings. Plaintiff filed suit in state court against Defendant, Rhode Island Cardiology Center, LLC ("RICC") and Guidant. Guidant then removed the matter to this Court on August 10, 2007 on the doctrine of "Fraudulent Misjoinder," a doctrine not accepted in the vast majority of circuits and never accepted in Rhode Island. Three (3) business days later, before Plaintiff had any time to respond to the Notice of Removal, Guidant filed a motion seeking a stay of all proceedings including "a ruling on any jurisdictional issues such as those that may be raised in any Motion to Remand" pending transfer to MDL 1708 (See Guidant's motion to Stay). On August 16, 2007 Plaintiff filed its Motion to Remand and now files this Objection to Guidant's Motion to Stay.

It is Plaintiff's contention that Guidant wrongly attempted to remove the matter and did so relying on a doctrine rarely accepted by federal courts. Thereafter, Guidant attempted to solidify its favored federal forum by filing a Motion to Stay and specifically requesting that jurisdictional issues not be ruled on.

It is axiomatic that jurisdictional issues must be addressed before Motions for Stays are determined. The ability for this Court to address such motions must be determined before the determination of the underlying motion itself. Indeed, *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842 (S.D. Ill. April 20, 2006) is directly on point and outlines a fact pattern that is identical to the facts at issue in the case at bar. In *Rutherford* the Plaintiff filed suit in state court and Defendant Merck removed on the theory of "misjoinder." Plaintiffs filed a Motion to Remand and before the motion was heard Defendant filed a Motion to Stay pending a transfer by the Judicial Panel on MultiDistrict Litigation.

The *Rutherford* court opined that while it is within the power of the district court to grant a stay of proceedings while subject matter jurisdiction is in question, a court should be reluctant to grant such a stay without making every effort to verify jurisdiction for a number of reasons. *Id.* at 1048. (*Citing Meyers v. Bayer AG*, 143 F.Supp. 2d 1044 (E.D. Wis. 2001)).*Id.* at 1048. In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1988) which emphasized the constitutional importance of the "jurisdictional first" principle and that issues affecting a court's subject matter jurisdiction are "fundamentally preliminary". In addition, 28 U.S.C. §1447(c) directs that "if any time before judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded". Consequently, it would appear that the threshold issue is one of proper jurisdiction and the propriety of a Plaintiff's Motion to Remand.

The Court in *Rutherford* ultimately held that the matter should be remanded to the state court. In *Meyers* the Court stated that "when faced by a request for a stay while a challenge to jurisdiction is pending, a court's first step should be to make a preliminary

assessment of the jurisdictional issue". *Id* at 1048. The *Meyers* court concluded, considerations of judicial economy dictate that a Court conduct this limited review of a remand motion before granting a stay.

The "strategic filings" of Guidant should not dictate the issue of whether or not this Court has jurisdiction. In effect Guidant has attempted to side step the issue as to whether *any* federal court has jurisdiction. In *Brooks v. Merck & Co., Inc.* 443 F. Supp. 2d 994 (S.D. Ill. July 31, 2006) the Court's initial assessment of Plaintiff's Motion to Remand suggested that removal was improper. Therefore the court concluded that it should consider the jurisdictional issues raised by the motion to remand even though Merck was attempting to have the case transferred by the JPML. *Id* at 997.

The case of *Baeza v. Tibbette*, 2006 U.S. Dist. LEXIS 95317 (July 7, 2006) involves the implantation of a Guidant pacemaker. Of interest, Guidant removed the matter to Federal Court asserting fraudulent joinder and then, like the case at bar, sought to stay the matter pending transfer to the JPMDL entitled "In re Guidant Corp." in the District of Minnesota, the same litigation that Guidant in this case seeks transfer to.

The Court in *Baeza* held that "while the Tenth Circuit has not expressly adopted the approach set out in *Meyers*, the Court generally agrees with the reasoning and methodology of *Meyers* and, accordingly, incorporates it in its analysis. The Court concluded that removal was not proper and remanded the case to the state court.

It appears as though Guidant is determined to vest the federal system with this case despite the fact that diversity simply does not exist. The claim against Defendant RICC is a viable claim under any standard. Knowing that, Guidant suggests that the RICC claim has nothing to do with its claim advancing the rarely accepted doctrine of

"fraudulent misjoinder". To ensure that the matter remained in Federal Court, any Federal Court, within days, Guidant filed a Motion to Stay, specifically seeking a stay on orders on a Motion for Remand or any orders relating to jurisdiction. The only logical conclusion of the enactment of this scheme is to avoid state court at any and all costs. Such gamesmanship should not be rewarded. Therefore, Plaintiff requests an order denying Guidants' Motion to Stay and granting Plaintiff's Motion to Remand to the Providence County Superior Court.

Plaintiff,
By his Attorneys,

***D'AMICO • BURCHFIELD, LLP***

/s/ Mark W. Dana, Esq.

Mark W. Dana, Esq. - #4150
536 Atwells Avenue
Providence, Rhode Island 02909
(401) 454-1212
(401) 454-1233 – fax

***CERTIFICATION***

I hereby certify that on this 16th day of August, 2007, a true copy of the within *Motion* was filed electronically, and is available for viewing and downloading from the ECF system, and copies were sent to all counsel of records via regular mail.

Brooks R. Magratten
Vetter and White
20 Washington Place
Providence, RI 02903

William White
White, Carlin and Kelly, P.C.
The Westminster Square Building
155 Westminster Street, 7th Floor
Providence, RI 02903

/s/ Mark Dana, Esq.