IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT D'AMICO, SR., C.A. NO. 07-301/S

Plaintiff,

vs.

GUIDANT SALES CORPORATION,
CHARLES H. KOO, M.D. and
RHODE ISLAND CARDIOLOGY
CENTER, LLC.

Defendants.

______________________________/

**ANSWER OF CHARLES H. KOO, M.D.**
**TO PLAINTIFF'S COMPLAINT**

1-2. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to his proof.

3. Admitted.

4. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to his proof.

5. Defendant admits this pacemaker was subject to recall after it was implanted in Mr. D'Amico.

6. Admitted.

7. Admitted.

8. Denied.

**FACTUAL ALLEGATIONS**

9. Defendant admits that he acted as a cardiac surgeon for Mr. D'Amico for certain specific surgeries. The remaining allegations contained in paragraph #9 are denied.

10. Defendant Koo admits that he was an employee of the defendant RICC. The remaining allegations contained in paragraph #10 are denied.

11. Admitted.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to his proof.

17. Admitted.

18. Admitted.

**COUNT I**

19-23. The allegations contained in paragraphs #19 through #23 are not directed to this Defendant and require no responsive pleading. To the extent they are deemed to allege any wrongdoing against this Defendant they are denied.

**COUNT II**

24-27. The allegations contained in paragraphs #24 through #27 are not directed to this Defendant and require no responsive pleading. To the extent they are deemed to allege any wrongdoing against this Defendant they are denied.

**COUNT III**

28. Defendant incorporates by reference his answers to paragraphs #1 through #27.

29. Defendant denies paragraph #29 accurately articulates his duty under Rhode Island law.

30. Defendant admits that under Rhode Island law he was required to obtain the Plaintiff's informed consent for the procedure in which the pacemaker was implanted. The remaining allegations contained in paragraph #30 are denied.

31. Denied.

32. Defendant admits that he was employed by defendant RICC. The remaining allegations contained in paragraph #32 are denied.

33-34. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph and accordingly leave plaintiff to his proof.

WHEREFORE, defendant Koo demands judgment dismissing Plaintiff's Complaint and for costs.

**FIRST AFFIRMATIVE DEFENSE**

To the extent during the course of this litigation, any parties against who claims are made by plaintiff as a result of the incident in question are settled, defendant affirmatively pleads the benefits of set-off to the extent of the dollar amount paid or the percentage of negligence, whichever is greater.

**SECOND AFFIRMATIVE DEFENSE**

Defendant pleads the benefit of the Medical Malpractice Collateral Source Rule, so-called.

**Defendant demands a trial by jury.**
**Michael G. Sarli is designated trial counsel.**

Charles H. Koo, M.D.
By his attorneys,

/s/Michael G. Sarli

Michael G. Sarli #2719
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, Rhode Island 02903
(401) 274-6644
Fax: 331-9304
mgs@gsm-law.com

**CERTIFICATE OF SERVICE**

Mark W. Dana, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909

William F. White, Esq.
Joshua E. Carlin, Esq.
The Westminster Square Bulding
155 Westminster Street
7th Floor
Providence, RI 02903

Brooks R. Magratten, Esq.
Michael J. Daley, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

I hereby certify that on the 17th day of August, 2007, a true copy of the foregoing document was served upon each attorney of record listed above by electronic filing of this document with the U.S. District Court for the District of Rhode Island.

/s/Michael G. Sarli