**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ROBERT D'AMICO, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No.: 07-301 S/DLM |
| | ) | |
| GUIDANT SALES CORPORATION, CHARLES H. KOO, M.D. and RHODE ISLAND CARDIOLOGY CENTER, LLC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT GUIDANT SALES CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

On August 10, 2007, defendant, Guidant Sales Corporation ("GSC"), removed this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on the grounds that Plaintiff improperly joined Defendants Rhode Island Cardiology Center, L.L.C. ("RICC") and Charles H. Koo, M.D. ("Dr. Koo")(collectively "Healthcare Defendants"). On August 16, 2007, Plaintiff filed a Motion to Remand. GSC respectfully requests that this Court either stay this case, including a ruling on a Plaintiff's Motion to Remand, pending transfer of this case to the MDL Court which can then rule on Plaintiff's Motion to Remand, or that it sever and remand the claims against the Healthcare Defendants and deny Plaintiff's Motion to Remand as to GSC. Plaintiff's Motion to Remand should be denied because the joining of medical malpractice claims against a non-diverse defendant with unrelated product liability claims against a diverse defendant in one lawsuit should not preclude this Court from exercising diversity jurisdiction over the unrelated product claims against the diverse defendant pursuant to 28 U.S.C. § 1332.



98860v2

## I. INTRODUCTION

This is one of over 2000 cases against GSC or related entities pending in federal courts throughout the country alleging defects in highly-complex implantable cardiac medical devices. On November 7, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") created an MDL Court for coordinated and consolidated pretrial proceedings in these cases entitled *In re Guidant Corporation Implantable Defibrillators*, MDL Docket No. 1708 (D. Minn.)(Transfer Order)(attached as Exhibit A). One of the purposes of consolidation was to "eliminate duplicative discovery, prevent inconsistent pretrial rulings….and conserve the resources of the parties, their counsel and the judiciary." *Id.* Presently, more than 1950 cases have been filed in or officially transferred to the MDL Court and many more cases will be subject to upcoming Conditional Transfer Orders ("CTOs"). GSC has filed a Notice of Potential Tag-Along notifying the JPML that this case is appropriate for transfer, and GSC anticipates the JPML to issue a CTO promptly. (77th Notice of Tag-Along, attached as Exhibit B).

## II. THIS COURT SHOULD STAY THIS CASE PENDING TRANSFER TO THE MDL COURT

GSC respectfully requests that this Court stay this case, including ruling on Plaintiff's Motion to Remand, pending transfer of this case to the MDL Court. District courts throughout the country have deferred ruling on jurisdictional issues pending transfer to the MDL Court, including the identical jurisdictional issue presented here. *See Alexander v. Guidant Corp., et al.*, Case No. 01289 (E.D. Mo. Sept. 13, 2006)(Autrey, J.)(Order Granting Motion to Stay Pending Transfer to MDL Court)(Docket Sheet attached as Exhibit C). *See also Sims v. Guidant, et al.*, No. 06-0644 (S.D. Ala. Nov. 2, 2006)(order granting stay, Hand, J.); *Gaydos v. Guidant, et al.*, No. 05-1683 (M.D. Fla. Dec. 8, 2005) (order granting stay, Presnell, J.); *Cabrera v. Guidant, et al.*, No. 06-593 (M.D. Fla. July 28, 2006)(Order granting stay, Presnell, J.); *Curcio v. Guidant Corp., et al.*, No. 05-61899 (S.D. Fla. Jan. 26, 2006)(order granting stay, Dimitrouleas, J.); *Wood v. Guidant, et al.*, No. 06-0733

(D.N.M. Nov. 16, 2006)(order granting stay, Lynch, J.); *Oakes v. Guidant, et al.*, No. 06-0732 (D.N.M. Sept. 25, 2006)(order granting stay, Scott, J.); *DePaul v. Guidant, et al.*, No. 06-1806 (S.D. Tex. June 28, 2006)(order granting stay, Werlein, J.); *Hardin v. Guidant Corp., et al.*, No. 05-430 (S.D. Tex. Feb. 1, 2006); and *Caldwell v. Guidant Corp., et al.*, No. 05-1144 (W.D. Tex. Jan. 18, 2006) (attached as Composite Exhibit D).

On February 20, 2004, the JPML advised district courts throughout the country that they should defer ruling on jurisdictional issues when "the motion raises issues likely to arise in other actions in the transferee court." (*See* February 20, 2004, Letter from Honorable Terrell Hodges to United States District Court Judges, attached as Exhibit E). The jurisdictional issue raised by Plaintiff in this case is an issue that has arisen, and is likely to arise, in other cases in the transferee court. In fact, the MDL Court recently ruled on this exact issue in two separate cases. *See Brown v. Guidant Corp., et. al.*, MDL No. 1708 (D. Minn. August 30, 2007)(Frank, J.)(order denying plaintiff's motion to remand and severing medical negligence claims)(attached as Exhibit F); *Alexander v. Guidant Corp., et al.*, MDL No. 1708 (D. Minn. June 4, 2007)(Frank, J.)(same)(attached as Exhibit G). Based on the forgoing, GSC respectfully requests that this Court stay this case, including ruling on the jurisdictional issue presented here, pending transfer of this case to the MDL Court.

## III. PLAINTIFF IMPROPERLY JOINED HIS MEDICAL NEGLIGENCE CLAIMS AGAINST THE HEALTHCARE DEFENDANTS WITH HIS PRODUCT LIABILITY CLAIMS AGAINST GSC

In the event the Court considers Plaintiff's Motion to Remand, the Motion should be denied as to GSC because Plaintiff improperly joined his product liability claims against GSC with his unrelated medical negligence claims against the Healthcare Defendants. This Court has jurisdiction because Plaintiff and all properly joined defendants are diverse, the amount in controversy is greater than

$75,000, and GSC's removal was procedurally proper.[1] For the reasons set forth below, the non-diverse defendants have been improperly joined and, therefore, their citizenship should be ignored for purposes of determining diversity jurisdiction.

**A. Plaintiff's claims against the Healthcare Defendants do not arise out of the same transaction or occurrence as his claims against GSC.**

Rule 20 of the Federal and Rhode Island Rules of Civil Procedure limits the permissive joinder of parties to claims "arising out of the same transaction, occurrence, or series of occurrences." When a court concludes that a party's claims do not arise from the same transaction or occurrence, it should order severance under Rule 21 of the Federal Rules of Civil Procedure. *See, e.g., In re Rezulin,* 168 F. Supp. 2d 136, 144-148 (S.D.N.Y. 2001)(finding that claim against home healthcare provider was misjoined with claims against drug manufacturer); *Lee v. Mann,* 2000 WL 724046, No. LE-424-1 (Va. Cir. Ct. Apr. 5, 2000)(upholding finding of misjoinder of claims against physician and pharmaceutical manufacturer for injuries allegedly received from the use of a diet medication).

In this case, the claims against GSC and the Healthcare Defendants do not arise out of the same transaction or occurrence. Plaintiff claims that the Healthcare Defendants "breached the standard of care owed to the Plaintiff and otherwise negligently treated Plaintiff by implanting the Guidant pacemaker in Plaintiff's body, against Plaintiff's express instructions to the contrary." Complaint ¶ 31. This claim is premised solely on the Healthcare Defendants' treatment of the Plaintiff, and in their implantation of a Guidant device over Plaintiff's alleged instructions to the contrary. Plaintiff's claims against the Healthcare Defendants will not require him to prove that the device was manufactured or designed improperly.

---

[1] Plaintiff has not challenged the procedural propriety of GSC's Notice of Removal nor has he alleged that the amount in controversy does not exceed the jurisdictional threshold.

In contrast, Plaintiff's claims against GSC are premised upon alleged manufacturing and design defects, and an alleged failure to warn Plaintiff of the potential dangers of the device.[2] Plaintiff's claims against GSC are premised solely on the manufacture and design of the device. The proof required to prevail on these claims is unrelated to the care and treatment Plaintiff received from the Healthcare Defendants. Plaintiff's claims against the Healthcare Defendants do not arise out of the same "transaction or occurrence" as his claims against GSC and, as such, the claims are improperly joined in this action. *See Brown,* Ex. F, at pp. 5-6; *In re Rezulin,* 168 F. Supp. 2d 136, 144-148 (S.D.N.Y. 2001); *Lee v. Mann,* 2000 WL 724046, No. LE-424-1 (Va. Cir. Ct. Apr. 5, 2000).

Where a plaintiff improperly joins parties in a lawsuit pursuant to Rule 20, it is appropriate to sever the claims to preserve a removing party's right to removal. *Id.* Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court…at any stage of the action and on such terms that are just." Courts may sever misjoined parties when their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and the claims will not involve a question of law or fact common to all parties. *See In re Rezulin,* 168 F. Supp. 2d 136, 144-145 (S.D.N.Y. 2001).

In this case, the improper joinder of unrelated medical malpractice claims with product liability claims, should not prejudice GSC's right to removal under 28 U.S.C. § 1441. As Plaintiff acknowledges in its Opposition to GSC's Motion to Remand:

> Plaintiff alleges that he learned prior to the implantation of his Guidant pacemaker that there were significant issues with the pacemaker's reliability. Plaintiff then advised RICC not to use a Guidant pacemaker and RICC agreed. Remarkably, Defendant RICC through its employee Dr. Koo in fact implanted a Guidant pacemaker in the Plaintiff, despite the Plaintiff specifically instructing him to the contrary. Plaintiff alleges that RICC was

---

[2] Plaintiff's failure to warn allegations are interesting in light of Plaintiff's admission that he was aware of "the company's reputation and product recall history" before the implantation. *See* Motion to Remand.

> **negligent in the implantation of the Guidant pacemaker.** Plaintiff has alleged, in part, that Guidant was negligent.

Motion to Remand at p. 3 (emphasis added).

Plaintiff's Motion to Remand correctly points out that Plaintiff has asserted negligence claims against both the Healthcare Defendants and GSC. That, however, misses the point. Plaintiff alleged that Guidant was only negligent in its "design, manufacture, distribution and sale of a product that was unreasonably dangerous." Complaint. Plaintiff did not allege that Guidant played any role in his care and treatment, which are the claims he asserted against the Healthcare Defendants.

In *Rezulin*, the court severed the plaintiff's claim against a home healthcare provider for the negligent administration of the drug Rezulin, finding that it did not arise from "the same transaction or occurrence" as the claims against the drug manufacturers for negligent marketing, distribution and failure to warn. *Rezulin*, 168 F. Supp. 2d at 144-146. In a later ruling in the same litigation, the court held that it was improper to join a malpractice claim – based on the physician's failure to diagnose a plaintiff's alleged liver dysfunction – with a breach of warranty and other claims that went principally to the safety and efficacy of Rezulin and had "little if anything to do with the malpractice claim." *In re Rezulin*, Case No. 2843, 2003 WL 21276425, at *1 (S.D.N.Y. June 2, 2003). The court affirmed the magistrate's Order severing the medical malpractice claim against the physician because joinder of that claim with the product liability claim was inappropriate. *Id.*

Plaintiff attempts to distinguish *Rezulin*, a case involving medical negligence claims brought together with product liability claims, and asks this Court to rely instead on *Asher v. 3M,* 2005 U.S. Dist. LEXIS 25564 (E.D. Ky. October 29, 2005). Plaintiff's reliance on *Asher* is misplaced. In *Asher*, the plaintiffs, a group of miners, brought product liability claims against five manufacturers of a respirator, and one retailer of the respirator. *Id.* at * 4. Unlike this case, the plaintiffs in *Asher* alleged that the manufacturer and the retailer were liable for the manufacture and sale of the allegedly defective

respirator. *Id.* The plaintiffs in *Asher* brought the same type of claims against all the defendants. That is not the case here. In this case, Plaintiff brought claims against the Healthcare Defendants relating to the care and treatment of the Plaintiff (including the alleged implanting of a device over Plaintiff's objection), and claims against GSC relating to the design and manufacture of a medical device. Plaintiff did not sue the Healthcare Defendants for the manufacture, design, or sale of an allegedly defective product, and he did not sue GSC as a result of the medical care and treatment he received. *Asher* is simply inapposite to the facts of this case.

**B. Courts that have addressed this issue have found severance appropriate.**

As touched on above, district courts (including Judge Frank who presides over the Guidant MDL) that have dealt with this identical issue in cases involving GSC or other Guidant entities have determined that medical negligence claims are improperly joined with product liability claims. *See Brown v. Guidant Corp., et. al.*, MDL No. 1708 (D. Minn. August 30, 2007)(Frank, J.)(order denying plaintiff's motion to remand and severing medical negligence claims)(attached as Exhibit F); *Alexander v. Guidant Corp., et al.*, MDL No. 1708 (D. Minn. June 4, 2007)(Frank, J.)(same)(attached as Exhibit G); *Hardin v. Guidant Corp., et al.*, Case No. 05-430 (S.D. Tex. February 1, 2006)(Kent, J.)(same)(attached as Exhibit H); *Hammond v. Guidant Corp. et al,*, Case No. 06-527 (E.D. Okla. February 6, 2007)(White, J)(same)(attached as Exhibit I).

Specifically, in *Brown,* Plaintiff joined medical negligence claims against Plaintiff's nondiverse implanting physician with product liability claims against diverse defendant Guidant. Ex. F, at p. 3. Guidant removed the action from California state court on the basis that the medical negligence claims were misjoined with the product liability claims. Plaintiff moved for remand arguing that the surgery and implantation of the device shared "common questions of law and/or fact" with the product liability

claims against Guidant. *Id.* In denying the Motion to Remand and severing the claims against the nondiverse physician, Judge Frank stated:

> [Plaintiff's] claim against Dr. Housman is medical negligence, which would require evidence on [Plaintiff's] care, treatment, and services provided by Dr. Housman. Brown's claims against either Guidant or EVT are general negligence or product liability claims based on alleged manufacturing and design defects, alleged failure to properly warn, and alleged misrepresentation of the health risks associated with certain medical devices. These claims would require evidence on the development, manufacture, and testing of [Plaintiff's device] along with evidence of Guidant and EVT's knowledge, warnings, and representations regarding defective [devices.] The joinder of the malpractice claims against Dr. Housman with the other general negligence and product liability claims was inappropriate because the claims do not both involve common questions of law or fact and assert joint, several, or alternative liability "arising out of the same trasaction or occurrence, or series of transactions or occurrences."

*Id.* at 5-6.

Likewise, in *Alexander*, the plaintiff joined a non-diverse hospital defendant in an action against Boston Scientific Corporation ("Boston Scientific") and Guidant Corporation ("Guidant"). The plaintiff alleged that the hospital committed medical negligence because it knew or had reason to know that his Guidant device was potentially defective and because it did not advise him of these facts prior to the implantation. (Ex. G, at 4). The plaintiff also alleged that some of the hospital's nurses and staff assisted in the implant. *See id.* In severing the claims against the hospital and remanding them to state court, the MDL Court found that the joinder of the malpractice claim against the hospital with the product liability claims against Boston Scientific and Guidant was inappropriate. Specifically, "the claims d[id] not involve common questions of law or fact or assert joint, several, or alternative liability 'arising out of the same transaction, occurrence, or series of transactions or occurrences." *Id.* at 12. The MDL Court also noted that any liability that may be found against either Boston Scientific, Guidant or the hospital would not be a basis for liability as to the other, and that liability as to each

could be found separately. *Id.* Finally, the MDL Court recognized that, where a non-diverse party cannot be properly joined, "other interests, such as the Defendants' statutory right of removal, prevail over that of permitting a plaintiff's choice of forum." *Id.* at 14. Consequently, the MDL Court severed the medical malpractice claims against the hospital to "preserve BSC and Guidant's right to removal in the remaining action and to preserve the interest of judicial expediency and justice." *Id.*

Similarly, in *Hardin*, the United States District Court for the Southern District of Texas found that joinder of non-diverse medical negligence defendants was improper. *Hardin v. Guidant Corp., et al.,* Case No. G-05-430 (S.D. Tex. February 1, 2006)(attached hereto as Exhibit H). In that case, plaintiff filed in the same complaint causes of action against healthcare providers alleging medical negligence and causes of action against Guidant alleging product liability. *Id.* The Court found that the joinder of the medical negligence claims against the non-diverse healthcare providers was improper. *Id.* The court ordered that the medical negligence claims be severed and remanded, and it retained jurisdiction over the product liability claims against Guidant. *Id.*

Finally, in *Hammond*, the United State District Court for the Eastern District of Oklahoma found that medical negligence claims were improperly joined with product liability claims against Guidant. Ex. I, at p. 5. In that case, much like the case here, the plaintiff raised a concern that if the cases were to be severed Guidant and the healthcare defendants would each seek to attribute blame to the other for some or all of the plaintiff's injury. In severing the claims, the court stated that simply because the injuries "may be difficult to separate does not, in itself, permit joinder of these completely different causes of action." Id. (internal citations omitted).

Plaintiff also argues that both cases will necessarily require much of the same evidence, including testimony of a Guidant representative, agreements between the defendants, and whether

RICC knew of "Guidant's poor track history." Motion to Remand at p. 8. That is simply not the case. To prevail against the Healthcare Defendants, Plaintiff will have to prove that the care and treatment he received fell below the applicable standard of care. To prevail against GSC, Plaintiff must establish that the device was negligently designed or manufactured. Plaintiff will not have to prove the device was negligently designed or manufactured to prevail on his medical negligence claims and he will not have to prove that he allegedly received inadequate care and treatment from the Healthcare Defendants to prevail on his product liability claims against GSC. *See Brown,* at pp. 5-6.

Courts may also sever parties for the "efficient administration of justice." *In re Diet Drugs,* MDL No. 1203, Case No. 20099, 2004 WL 2095451, *1 (E.D. Pa. Sept. 20, 2004). As discussed in GSC's Motion to Stay, the efficient administration of justice would best be served by staying this case pending transfer to the MDL Court. In its initial Transfer Order, the JPML defined the spectrum of cases comprising MDL No 1708 as "actions shar[ing]allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury, or the threat of injury, to the plaintiffs…" (Transfer Order, Ex. A). The JPML created MDL 1708 to coordinate pretrial activities, to avoid duplicative discovery, and to promote the just and efficient administration of the litigation. Because Plaintiff asserts allegations similar, if not identical, to those in the more than 1950 cases already pending in the MDL Court, and because that Court is familiar with and has ruled on substantially similar issues, it would be in the interest of judicial efficiency for the product liability claims in this case to be transferred to the MDL Court.

## IV. CONCLUSION

For the reasons set forth above, in GSC's Notice of Removal, and in GSC's Motion to Stay Pending Transfer to the MDL, GSC respectfully requests that this Court grant its Motion to Stay or, in the alternative, deny Plaintiff's Motion to Remand with respect to GSC.

Respectfully submitted,

/s/ Michael J. Daly

Brooks R. Magratten, Esq., #3583
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: September 4, 2007

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this document on September 4, 2007, both of which are available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below-identified counsel of record has been effectuated by electronic means:

Mark W. Dana, Esq.
D'Amico & Burchfield, LLP
536 Atwells Avenue
Providence, RI 02909

Michael G. Sarli, Esq.
Gidley, Sarli & Marusak, LLP
Attorneys for defendant Charles H. Koo, M.D.
1 Turks Head Place, Suite 900
Providence, RI 02909
(401) 274-6644
(401) 331-9304 [FAX]

William F. White, Esq.
Joshua Carlin, Esq.
White, Carlin & Kelly
Attorney for defendant Rhode Island Cardiology Center, LLC
155 Westminster St.
Providence, RI 02903
(401) 273-1400

/s/ Michael J. Daly