IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR T. SIMS and BRENDA M. SIMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 06-0644-BH-C |
| GUIDANT SALES CORPORATION; et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is again before the Court on defendants' motion to stay (Doc. 3). Upon consideration of the motion, plaintiffs opposition (Doc. 9) thereto, defendants'reply (Doc. 12) and all other pertinent portions of the record, the Court concludes that the motion to stay is due to be granted for the reasons set forth by the defendants (Doc. 3 and 12). The Court agrees that it is likely that the device at issue in this case, namely a Vitality DS T125 pacemaker and defibrillator combination unit serial number 113431, will be included among the devices being addressed in MDL 1708, *In Re Guidant Corp. Implantable Defibrillators Product Liability Litigation*, and that plaintiffs' arguments ought to be addressed in the first instance by the Judicial Panel on Multidistrict Litigation (JPML).[1] It is accordingly **ORDERED** that the defendants' motion to stay be and is

---

[1]To the extent plaintiffs challenge the Court's jurisdiction on the grounds that it is inappropriate to aggregate their damage claims, the Court finds plaintiffs' argument to be without merit for the reasons stated by the defendants in their Notice of Removal (Doc. 1-1). To the extent plaintiffs argue that they should be given an opportunity to amend their complaint to prevent such aggregation, such an effort to divest this Court of jurisdiction is clearly impermissible.

hereby **GRANTED** in that this action be and is hereby **STAYED** pending transfer to MDL 1708, **PROVIDED** that the defendants notify the JPML as soon as possible but **no later than November 14, 2006**, that plaintiffs' claims are appropriate for transfer to MDL 1708 and take such steps as are necessary to obtain the transfer.

It is **FURTHER ORDERED** that the defendants **FILE** with this Court on the **second Tuesday of every month commencing December 12, 2006** a status report concerning the proceedings before the JPML and the transfer of this action to MDL 1708, **FAILING IN WHICH THIS COURT SHALL LIFT THE STAY AND PROCEED WITH THE LITIGATION IN THIS COURT.**

**DONE** this 2nd day of November, 2006.

s/ W. B. Hand
SENIOR DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVE GAYDOS & DIANE GAYDOS,**

**Plaintiffs,**

-vs- **Case No. 6:05-cv-1683-Orl-31KRS**

**GUIDANT CORPORATION & ADVENTIST HEALTH SYSTEM/SUNBELT, INC.,**

**Defendants.**

---

## ORDER

Upon consideration of Defendant's Motion to Stay (Doc. 10) and Plaintiff's Response in Opposition (Doc. 11), it is

**ORDERED** that said Motion is GRANTED. All proceedings in this case are STAYED, pending transfer to the MDL court.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 8, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DAWN CABRERA,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-593-Orl-31KRS**

**GUIDANT CORP. and HOLMES REGIONAL MEDICAL CENTER, INC.,**

**Defendants.**

---

## ORDER

Upon consideration of Defendant Guidant Corporation's Motion to Stay All Proceedings (Doc. 7), and Plaintiff's Response thereto (Doc. 13), it is

**ORDERED** that said Motion is GRANTED. All proceedings in this case are STAYED pending MDL transfer. If transfer has not occurred by July 28, 2006, Plaintiff may move to lift this stay.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 24, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61899-CIV-DIMITROULEAS

PETER S. CURCIO, and
JEANNE V. CURCIO, his wife,

Plaintiffs,

vs.

GUIDANT CORP., a foreign corporation,
and LEE MEMORIAL HEALTH SYSTEM
d/b/a HEALTHPARK MEDICAL CENTER,
a Florida corporation,

Defendants.
_______________________________/

FILED by ___ D.C.
JAN 26 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**ORDER GRANTING MOTION TO STAY**

THIS CAUSE is before the Court upon Defendant Guidant Corporation's Renewed Motion to Stay All Proceedings Pending Final Transfer to MDL 1708, filed herein on January 24, 2006. [DE-29]. The Court has carefully considered the Motion and is otherwise fully advised in the premises. On January 19, 2006, the MDL Panel issued a Conditional Transfer Order indicating that the case is scheduled for transfer. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Guidant Corporation's Renewed Motion to Stay All Proceedings Pending Final Transfer to MDL 1708, filed herein on January 24, 2006 [DE-29], is hereby **GRANTED**.
2. The above-styled action is hereby **STAYED** pending transfer by the MDL Panel.
3. In the event this case is not transferred, the parties shall file a status report with

this Court no later than February 17, 2006.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26 day of January, 2006.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Eileen Moss, Esq.
John J. Uustal, Esq.
Elinor Baxter, Esq.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MANUEL P. WOOD AND MARINA WOOD,

Plaintiffs,

v. CV 06-0733 WJ/WPL

LARRY TIBBETS, ROBERT HUSTON, GUIDANT, INC., an Indiana Corporation, GUIDANT SALES CORPORATION, CARDIAC PACEMAKERS INC., an Indiana Corporation, and JOHN DOES I-X,

Defendants.

**ORDER GRANTING MOTION TO STAY PROCEEDINGS**

This matter is before me on a motion for a stay requested by all of the Defendants that have been served—namely, Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers Inc., and Larry Tibbetts.[1] (Doc. 7, 19.) Plaintiffs oppose the motion. (Doc. 8.)[2]

---

[1] The amended notice of removal asserts that "Guidant, Inc." was misnamed in the complaint and should be referred to as "Guidant Corporation." (Doc. 2 at 1.) Similarly, the Defendant named as "Larry Tibbets" refers to himself as "Larry Tibbetts." (Doc. 19.)

[2] In their response, Plaintiffs accuse Defendants of including "false statements of fact" in their motion. (Doc. 8 at 2.) Only one false statement is identified by Plaintiffs: Defendants' assertion, "[o]n information and belief," that Tibbetts had not been served. (Doc. 7 at 2.) Plaintiffs submit an affidavit from a process server, averring that he served Tibbetts at home on August 18, 2006 at approximately 9:00 a.m. (Doc. 8 Ex. B.) Defendants filed their motion on August 18, 2006 at 4:27 p.m. Plaintiffs offer nothing to suggest that Defendants or their counsel were aware that service had been made on Tibbetts, at his home, less than eight hours before the motion was filed. Plaintiffs also assert, "A return of service filed August 21, 2006 further demonstrates that service was filed with the Court." (*Id.* at 2.) I can find nothing on this Court's electronic docket to indicate that a return of service was filed on August 21, 2006. Even if it were filed on that day, Plaintiffs do not explain the metaphysical process by which it would have provided notice to Defendants three days earlier. Thus, it appears that Plaintiffs' accusation that Defendants made "false statements of fact" is unjustified and is itself a misstatement of the record. This type of conduct by counsel does a disservice to opposing counsel, the Court, and the litigants, and I do not take it lightly.

## BACKGROUND

In November 2005, the Judicial Panel on Multidistrict Litigation (JPML) established MDL 1708 in the District of Minnesota for coordinated pretrial proceedings in cases involving allegedly defective cardiac devices manufactured by Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers. (Doc. 2 Ex. B.)

In July 2006, Plaintiffs initiated this action in the First Judicial District of New Mexico. Their complaint alleges that one of the defective cardiac devices was implanted in Plaintiff Manuel Wood. (*Id.* Ex. A (Compl.) at 1, 3-5.) The complaint further alleges that Defendants Tibbetts and Huston are sales or marketing representatives for the other Defendants and are residents of New Mexico. (*Id.* at 1-2.)

Defendants Guidant Corporation, Guidant Sales Corporation, and Cardiac Pacemakers removed the action to this Court, contending that Tibbetts and Huston were fraudulently joined to defeat diversity jurisdiction. (*Id.* (Amended Notice of Removal) at 6-10.) Plaintiffs immediately filed a motion to remand. (Doc. 5.) The removing Defendants then filed their motion to stay all proceedings pending a final decision by the JPML regarding whether to transfer this case to MDL 1708. (Doc. 7.) Tibbetts later joined in this motion. (Doc. 19.) In September 2006, the JPML conditionally transferred the case to MDL 1708. (Doc. 12.)

At least four other cases have been removed to this district involving the allegedly defective cardiac devices. In all of the cases, the plaintiffs named Tibbetts as a defendant and filed motions to remand. *See Baeza v. Tibbetts et al.*, No. 06-CV-0407 MV/WPL; *Tellez v. Tibbetts et al.*, No. 06-CV-0408 WJ/CEG; *Oakes v. Tibbetts et al.*, No. 06-CV-0732 WJ/RHS; *Simpson v. Tibbetts et al.*,

No. 06-CV-0734 MV/LAM. *Baeza* has been remanded.[3] On October 17, the JPML transferred *Tellez* to MDL 1708. (Doc. 22.) In doing so, the JPML denied the plaintiffs' motion to vacate the conditional transfer order and specifically noted that the motion for remand could be decided by the transferee court. (*Id.*) *Oakes* and *Simpson* remain at this Court, although the JPML has issued orders conditionally transferring them to MDL 1708.

**DISCUSSION**

When deciding whether to enter a stay, a court should consider three factors: 1) the potential prejudice to the nonmoving party; 2) the hardship and inequity to the moving party; and 3) the judicial resources that would be saved. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Regarding prejudice to Plaintiffs, they assert that a stay will cause delay and inconvenience. Delay is likely to be minimal, given that the JPML transferred the related *Tellez* case approximately one month ago. As for inconvenience, the JPML did not require oral argument to decide the *Tellez* remand motion. (Doc. 22.) Furthermore, Plaintiffs are represented by the same law firm that represents the plaintiffs in *Tellez*, *Oakes*, and *Simpson*. The firm has made use of "generically formatted" (Doc. 13 at 3) briefing in this Court and can do the same before the transferee court, should the cases be transferred.

Regarding hardship and inequity to Defendants, the JPML has already recognized that centralization is necessary to prevent inconsistent pretrial rulings. (Doc. 2 Ex. B.)

---

[3] The Court simultaneously denied a motion for a stay. Although Plaintiffs assert that *Baeza* is controlling here, I note at least two differences. First, Guidant Sales Corporation, Tibbetts's employer, was not a defendant in *Baeza*. Second, there was no evidence of other cases involving the same fraudulent joinder issue. (Doc. 8 Ex. 1.)

Regarding judicial resources, the three cases pending in this Court and the case that has already been transferred raise nearly identical issues. Thus, staying consideration of these issues pending transfer would conserve judicial resources.

IT IS THEREFORE ORDERED that the Motion to Stay All Case Proceedings Pending Transfer of Case to MDL 1708 (Doc. 7) is GRANTED.

IT IS SO ORDERED.

William P. Lynch

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served on the date of entry--via mail or electronic means--to counsel of record and any *pro se* party as they are shown on the Court's docket.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JO ANN OAKES,

Plaintiff,

vs. Civ. No. 06-732 WJ/RHS

LARRY TIBBETTS, EDWARD TAGUE, DEREK TUCKER, GUIDANT, INC., an Indiana corporation, GUIDANT SALES CORPORATION, CARDIAC PACEMAKERS, INC., an Indiana corporation, and JOHN DOES I-X,

Defendants.

ORDER GRANTING MOTION TO STAY ALL CASE PROCEEDINGS PENDING TRANSFER OF CASE TO MDL 1708

**THIS MATTER** comes before the Court on the Motion of Defendant Guidant, Inc., Guidant Sales Corporation, and Cardiac Pacemakers, Inc., seeking an order staying all proceedings and deadlines in this action, including the deadline for Defendants to respond to Plaintiff's complaint, pending the decision of the Judicial Panel on Multi-District Litigation regarding transfer of Plaintiff's claims to MDL 1708 [docket no. 6]. The Court has now considered the motion together with Plaintiff's response thereto [docket no. 7] and having considered the pleadings on file in the above captioned cause together with the arguments and authorities propounded by the respective parties hereby concludes that the motion is well taken.

The factual background and procedure history of the instant case is limited as it pertains to the motion to stay. Plaintiff asserts that she was injured as the result of implantation of a cardiac

medical device allegedly manufactured by Defendants. Plaintiff's complaint was filed on July 13, 2006, in the First Judicial District Court, County of Santa Fe and State of New Mexico. Defendants Guidant, GSC, and CPI removed the case to this Court on August 14, 2006. In Plaintiff's response [docket no. 7] at page 5 Plaintiff complains that counsel is not aware of any other pending cases involving Defendant Tibbetts other than this matter and Tellez v. Tibbetts, USDC NM Civ. No. 06-408 WJ/CEG. Respectfully, this is not correct. In their motion to stay, Defendants advised Plaintiff of other cases involving Tibbetts that the Defendants have removed which have identical claims as to those raised by the Plaintiff here (see docket no. 6, page 2, paragraph 3).

The Court has very broad discretion in granting a motion to stay pending transfer to another Court. See Portnoy v. Zenith Labs, No. 86-3512, 1987 WL 10236, at *1 (D.D.C. April 21, 1987). As of the date of this order, the parties await the decision of the MDL Panel as to whether this action should be consolidated into the proceeding in Minnesota. If the case is transferred, all pretrial issues and scheduling shall be governed by the judge presiding over MDL 1708 and these orders would supersede any orders governing this case at the time of transfer. Therefore, a stay of proceedings in this court is appropriate because the stay will provide and promote judicial economy as well as consistency. See e.g., Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1362 (C.D. Cal. 1997) (staying action pending transfer decision by MDL Panel); Portnoy, at *1 (explaining that the law "favors coordination of related cases").

Therefore, the Court concludes that to promote this uniformity and judicial economy this matter should be stayed pending the JPML's decision on transfer of this case to MDL 1708.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay All Case Proceedings Pending Transfer of Case to MDL 1708 [docket no. 6] is hereby granted and all proceedings in this matter are hereby stayed pending the JPML's decision regarding transfer of this case to MDL 1708 including the requirement that Defendants answer or otherwise respond to the complaint until such time as the MDL court mandates.

**IT IS FURTHER ORDERED** that Plaintiff may continue to serve process upon Defendants Tibbetts and Robert Huston (Robert Huston is not a named Defendant in the caption but perhaps he is a John Doe Defendant), and that upon completion of service of process these Defendants shall also be relieved from the responsibility of filing a responsive pleading as more fully set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's request for an early mediation (see Plaintiff's response, docket no. 7 at page 4) is hereby denied as this request for relief should be brought to the Court by separate and individual motion practice. If all named parties in the above captioned cause consent and agree to an early mediation, the undersigned United States Magistrate Judge shall agree to promptly schedule the same and this shall not be considered to be in violation of the Court stay as ordered herein. If, however, all parties do not consent and agree to an early mediation that matter must be raised in motion practice after the stay is lifted by order of the appropriate court.

Robert Hayes Scott
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
JUN 28 2006
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ROSS DEPAUL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1806 |
| | § | |
| GUIDANT CORPORATION, GUIDANT SALES CORPORATION, GUIDANT PUERTO RICO SALES CORPORATION, and CARDIAC PACEMAKERS, INC., | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING STAY OF PROCEEDINGS

Pending is Defendants' Motion to Stay All Proceedings Pending Transfer to MDL 1708 (Document No. 3), to which Plaintiff has filed no response in opposition. Defendants' motion is therefore deemed unopposed. *See* Local Rule 17.4. The motion is well taken, and it is therefore

ORDERED that Defendants' Motion to Stay is GRANTED, and all proceedings in this case are STAYED pending transfer to MDL 1708. If the transfer has not been effected by September 29, 2006, the parties will provide a joint status report to the Court to advise whether this STAY should be lifted.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas on this 28th day of June, 2006.

Ewing Werlein, Jr.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED
FEB 0 2 2006
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| LARRY AND CHARLOTTE HARDIN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-430 |
| | § | |
| GUIDANT CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This case came before the Court on February 1, 2006, for a routine scheduling conference. Pursuant to written briefing previously submitted to the Court and oral submissions by counsel at the scheduling conference, the Court **ORDERS** that all claims against Defendants Medical Center of Plano and J. Brian DeVille, M.D. are **SEVERED** and **REMANDED** to the District Court of Brazoria County, Texas, 239th Judicial District. All remaining proceedings are **STAYED PENDING TRANSFER** to the Hon. Donovan W. Frank of Minnesota for consolidation with other similar cases in MDL 1708.

**IT IS SO ORDERED.**

**DONE** this 1st day of February, 2006, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
DEC 19 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

LUCY LINDA CALDWELL and THOMAS G. CALDWELL,

Plaintiffs,

VS.

GUIDANT CORPORATION ET AL.,

Defendants.

Civil Action No: SA-05-CA-1144-XR

**ORDER GRANTING STAY**

On this date, the Court considered Defendants' Motion to Stay All Proceedings Pending Transfer to MDL-1708, filed December 14, 2005 (docket no. 12). After careful consideration, the Court concludes that the Motion should be GRANTED IN PART and DENIED IN PART.

In their Motion, Defendants seek to stay all proceedings pending the transfer of this cause to the United States District Court for the District of Minnesota for consolidated pretrial proceedings as part of *In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*. Defendants submitted this action to the JPML as a tag-along for transfer to the MDL court and Defendants expect that the JPML will transfer it conditionally.

Plaintiffs served on Defendants a motion to remand on December 1, 2005 by certified mail. Defendants' response was due on December 15. *See* Local Rules, Western District of Texas, Rule CV-7(d) (responses must be filed within eleven days of service); FED. R. CIV. P. 6 (adding three days for service by mail).

It is ORDERED that Defendant's Motion to Stay Proceedings be GRANTED IN PART and



13

DENIED IN PART. It is further ORDERED that all proceedings in this case, except the pending motion to remand, be STAYED pending a determination by the Judicial Panel on Multidistrict Litigation on whether to transfer this case. Defendants are ORDERED to alert the Court within ten (10) days of any determination by the Judicial Panel on Multidistrict Litigation. Defendants are further ORDERED to file a response to Plaintiffs' Opposed Motion to Remand by **January 3, 2006.**

SIGNED this 19th day of December, 2005.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE