**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JIMMY HAMMOND and CAROLYN HAMMOND,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. CIV-06-527-RAW** |
| **HEALTH MANAGEMENT ASSOCIATES, INC., et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court are motions to remand by the plaintiffs and by the "non-diverse defendants". On August 5, 2005, plaintiffs commenced an action in the District Court of Bryan County, Oklahoma, which alleged medical negligence against defendants Health Management Associates, Inc., d/b/a Medical Center of Southeastern Oklahoma; Neon, Inc.; David Lovelace, D.O.; Russell Martz, D.O.; and Deepak Jaiswal, D.O. All these defendants are Oklahoma residents, as are plaintiffs.

Plaintiffs allege the following: that on July 20, 2004, plaintiff Carolyn Hammond sought medical care from these defendants. Initially, she was diagnosed as having a migraine headache. On July 23, 2004, it was determined that she suffered from intracranial bleeding. Subsequently, plaintiff underwent brain surgery and extensive rehabilitation. On or about March 31, 2005, plaintiff was implanted with a pacemaker manufactured by Guidant Corporation. On or about November 17, 2005, plaintiff Carolyn Hammond was advised by her doctor that there had been a recall of this device. On November 2, 2006, plaintiffs amended their petition to add Guidant as a defendant,

alleging product liability claims. It was alleged that the implantation of the pacemaker was a concurrent cause of plaintiff's injuries.

On December 4, 2006, Guidant filed a notice of removal in this Court. Both the plaintiffs and the defendants other than Guidant have filed motions to remand. Guidant has responded by asking the Court to (1) either sever and remand the medical negligence claims against the in-state healthcare defendants while retaining jurisdiction of the product liability claims against Guidant or (2) stay the case pending possible transfer.

On January 9, 2007, the Judicial Panel on Multidistrict Litigation (JPML) issued a conditional transfer order (identifying this action as a tag-along action in the Guidant Implantable Defibrillators Product Liability Litigation, MDL No.1708), and conditionally transferring this action to the District of Minnesota. A pending JPML conditional transfer order does not affect the jurisdiction of the transferor court or its ability to rule upon any pending motions. *See Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844 (7th Cir.2004). The Court elects to rule on the motions in part.

Guidant, an Indiana corporation, acknowledges the non-diverse status of the other defendants, but relies on authority holding that an "action may nevertheless be removable if the joinder of non-diverse parties is fraudulent." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996). The Eleventh Circuit held that mere misjoinder is not fraudulent, but that egregious misjoinder may be fraudulent[1]. Other courts have been left to interpret this cryptic statement.

---

[1]The word "fraudulent" is a term of art in this context, and does not reflect upon the integrity of plaintiffs' counsel. In fraudulent joinder, the infirmity is the failure to state a viable cause of action against a non-diverse defendant; in fraudulent misjoinder, the infirmity is the failure to comply with the state rules of joinder.

"[U]nder *Tapscott*, something more than 'mere misjoinder' of parties may be required to find fraudulent misjoinder. Precisely what the 'something more' is was not clearly established in *Tapscott* and has not been established since.'" *In re Bridgestone/Firestone, Inc.*, 260 F.Supp.2d 722, 728 (S.D.Ind.2003). In *Conk v. Richards & O'Neill, LLP.,* 77 F.Supp.2d 956, 971 (S.D.Ind.1999), the court defined procedural misjoinder (another term for the doctrine) to be "a plaintiff's purposeful attempt to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard."

The Tenth Circuit Court of Appeals has not addressed this doctrine, nor it appears has a district court within the Tenth Circuit. There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). Removal statutes are to be strictly construed and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins.*, 683 F.2d 331, 333 (10th Cir.1982). Under 28 U.S.C. §1441(b), removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought. Therefore, construing the statute strictly would indicate complete remand is in order.

The Tenth Circuit does, however, recognize the doctrine of fraudulent joinder, another doctrine by which a district court may look behind "facial" lack of diversity. "The case law places a heavy burden on the party asserting fraudulent joinder." *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592 (10th Cir.2000)(unpublished). After disputed questions of fact and ambiguities in the controlling law are resolved in favor of the non-removing party, the Court then determines "whether that party has any possibility of recovery against the party whose joinder is

questioned." *Id.* This Court must decide if this test is applicable, *mutatis mutandis*, in the context of fraudulent misjoinder.

A recent academic discussion of the fraudulent misjoinder doctrine argues that, indeed, "courts should model the fraudulent misjoinder doctrine after the traditional fraudulent joinder doctrine. Thus, in analyzing allegations of fraudulent misjoinder, federal district courts should inquire whether the plaintiff had a reasonable basis for joining the non-diverse plaintiff or non-diverse defendant under state procedural law. If so, there should be no finding of fraudulent misjoinder. If not, then the federal court should sever the misjoined claims, retain jurisdiction over the claims between diverse parties and remand, rather than dismiss, the claims between non-diverse parties." E. Farish Percy, Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine, 29 Harv. J.L. & Pub. Pol'y 569, 621-22 (2006). *See also* n.241 (addressing the "no possibility of recovery" test, as the Tenth Circuit employs).

At the scheduling conference held in this case on January 31, 2007, no court reporter was present. Plaintiff's counsel argued that he joined the claims because of the possibility of concurrent causation for certain injuries and the possibility that – at trial – the group of healthcare defendants and Guidant would seek to attribute blame to the other for some extent of plaintiff's present condition. The Court does not find this an absurd argument by any means. In interpreting 12 O.S. §2020, the Oklahoma counterpart to Rule 20 F.R.Cv.P., the Oklahoma Court of Civil Appeals severed claims brought by plaintiff alleging an "indivisible injury." The claims involved two separate and unrelated automobile accidents. While acknowledging the possibility of exacerbation of injuries by the second accident, the court said "[t]he fact that the injuries may be difficult to separate does not, in itself, permit joinder of these completely different causes of action." *Watson*

*v. Batton*, 958 P.2d 812, 814 (Okla.Ct.App.1998). This Court is persuaded that, in light of *Watson,* Guidant has met its burden of proving that there is no possibility that the state court would find the procedural joinder of Guidant appropriate.

The entire discussion above could well be irrelevant, based upon the second ground raised by plaintiffs' motion to remand. Plaintiffs note (and Guidant concedes) that the removal takes place more than one year after the commencement of the case, a time limit established by 28 U.S.C. §1446(b). Guidant argues for the Court to recognize an "equitable exception" to the time limit, pointing to the fact that the time limit had already passed when Guidant was added as a defendant. Plaintiffs correctly note that two district courts within Oklahoma and one in Utah have rejected an equitable exception. The argument that it is for Congress and not for a court to create an equitable exception to a statutory time limit appears quite in keeping with Tenth Circuit precedent cited above regarding the presumption against removal and strict construction of removal statutes. Under the circumstances of this case, however, the Court elects to "punt" at this time. The Court will stay this action against Guidant, and (should transfer take place) allow the MDL court to rule on the equitable exception issue[2].

[2]Many district courts which have rejected the fraudulent misjoinder doctrine have noted the statement that "[i]n many situations this confusion easily could be avoided by having the removing party challenge the misjoinder in state court before seeking removal." 14B Wright, Miller & Cooper, Federal Practice and Procedure §3723 at 658. In the case at bar, Guidant was already outside the one-year time limit and understandably did not wish additional delay.

It is the Order of the Court that the motion to remand of the non-diverse defendants (#24) is hereby GRANTED. All named defendants with the exception of Guidant Corporation are severed from Guidant and plaintiffs' claims against them, pursuant to 28 U.S.C. §1447(c), are hereby remanded to the District Court of Bryan County, State of Oklahoma.

The motion of the plaintiffs to remand (#15) is DENIED at this time as to Guidant Corporation but GRANTED as to all remaining defendants. The Court has not ruled on the issue of the one year time limit of 28 U.S.C. §1446(b) for the reasons stated above.

This action, against Guidant Corporation as sole named defendant, is stayed pending MDL transfer.

**Dated this 6th Day of February 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma