UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
- - - - - - - - - - - - - - - - -
ROBERT D'AMICO, SR.,              )
                                  )
       Plaintiff,                 )
                                  )
   vs.                            )    C.A. No. 07-301 S
                                  )
GUIDANT SALES CORPORATION,        )
CHARLES H. KOO, M.D. and          )
RHODE ISLAND CARDIOLOGY           )
CENTER, LLC.,                     )
                                  )
       Defendants.                )
- - - - - - - - - - - - - - - - -
```

### ORDER

Before this Court are Plaintiff Robert D'Amico, Sr.'s ("Plaintiff") Motion to Remand this action to the Rhode Island Superior Court and Defendant Guidant Sales Corporation's ("Guidant") Motion to Stay All Pretrial Proceedings Pending Transfer to MDL 1708. For the reasons set forth below, and upon consideration of both Motions, this Court will grant Guidant's Motion, such that all proceedings before this Court shall be stayed pending transfer to the MDL Court, including, but not limited to, the jurisdictional issues raised in Plaintiff's Motion to Remand. Consequently, Plaintiff's Motion to Remand is denied without prejudice.

This case is both a products liability and medical malpractice action directed against the Defendants Guidant, Dr. Charles Koo,

and Rhode Island Cardiology Center ("RICC").[1] On April 20, 2006, Dr. Koo, Plaintiff's primary cardiac surgeon and employee of RICC, performed surgery on Plaintiff to replace his pacemaker. Plaintiff received a Guidant Insignia I Ultra pacemaker, model # 1291, serial # 119210, allegedly despite his specific insistence that he not be implanted with a Guidant model. After Plaintiff's pacemaker was recalled several months later, Dr. Koo performed surgery to remove and replace it. Approximately one year later, Plaintiff brought suit against Guidant, asserting various products liability claims, and, in the same Complaint, brought a malpractice claim against Dr. Koo and RICC.

As represented by Guidant, the FDA in 2005 recalled certain pacemakers manufactured by Cardiac Pacemakers, Inc., a wholly owned subsidiary of Guidant. Following recall, Plaintiffs have flocked to the courts in great numbers alleging injuries resulting from the implantation of Guidant devices. As a result of the thousands of cases filed against Guidant, the JPML created an MDL Court intended to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation," by centralizing the actions "for coordinated or consolidated pretrial proceedings." In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., MDL No. 05-1708 (D. Minn. Nov. 7, 2005) (Transfer Order); see also

---

[1] For purposes of this Order only, the Court assumes true the factual allegations set forth in the Complaint.

In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., MDL No. 05-1708 (D. Minn. Sept. 26, 2007) (Conditional Transfer Order). The JPML considered centralization in this matter necessary "in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel and the judiciary." Id. Taking a variety of factors into consideration, the JPML concluded that the District of Minnesota is the most appropriate forum for the docket.

Although Plaintiff brought his claims in the Rhode Island Superior Court, and included as Defendants two non-diverse parties - namely Rhode Island citizens Koo and RICC, Guidant removed the matter to this Court alleging improper joinder and seeking severance of the medical malpractice claims against Koo and RIIC from the products liability claims asserted against it. Nearly immediately after removing, Guidant filed the instant Motion to Stay. Plaintiff objects to the stay and seeks remand, asserting that this Court lacks jurisdiction to address allegations of misjoinder.

This Court's authority to stay proceedings "is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Azar v. Merck & Co., No. 3:06-cv-0579 AS, 2006 WL 3086943 at *1 (N.D. Ind. Oct. 27, 2006) (quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). In

the context of MDL litigation in particular, "[t]he decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion," New Mexico State Investment Council v. Alexander, 317 B.R. 440, 443 (D.N.M. 2004) (citing Landis, 299 U.S. at 254-55).

When faced with both a motion to stay and a motion to remand, most often "deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." Id. at 443; see also Hardin v. Merck & Co., No. C 07-0070 SBA, 2007 WL 1056790 at *2 (N.D. Cal. April 5, 2007); Baeza v. Tibbetts, No. 06-0407 MV/WPL, 2006 WL 2863486 at *2 (D.N.M. July 7, 2006). It is considered a general rule by some courts that federal courts should "defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel." Alexander, 317 B.R. at 443 (internal quotation marks and citation omitted). This rule is particularly applicable to justify a stay where "a jurisdictional issue of a motion to remand is similar or identical to those in cases transferred or likely to be transferred to the MDL transferee court." Hardin, 2007 WL 1056790 at *2; see also Alexander, 317 B.R. at 443.

Guidant has provided to this Court ample evidence that the issues raised in Plaintiff's Motion to Remand are not unique to

D'Amico. Rather, Guidant has provided examples of other district courts in this and other MDL matters that have declined to address similar jurisdictional issues and have instead granted stay pending transfer to the MDL court. This Court views such evidence as both precedential and informative, indicating that the issue is likely to arise in future actions. For these reasons, this Court will defer to the guiding principles behind this MDL - namely consistency and judicial efficiency - and to grant Guidant's motion to stay pending transfer to MDL 1708. Plaintiff's Motion to Remand is denied without prejudice.

It is so ordered.

*/s/ W. Smith*

_____
William E. Smith
United States District Judge
Date: 10/11/07